# Jenkins *v.* Cooper.

### *Action for Damages for Overflowing Land.*

1. *Construction of boundary in deed for land, and admissibility of parol evidence to explain.* — In the construction of deeds, or other written contracts, parol evidence is inadmissible to establish an intention different from that which is expressed, but may be received to explain what is meant by the words used ; and it is available for the court, as well as for the jury. "Thus, in an action to recover damages for the erection of a mill-dam, which overflowed plaintiff's lands, the words, " Down the east bank of said creek to the ford below the mill, thence with the centre of the creek to the section line," are properly construed by the court to mean the top of the bank above the ford, and not the low-water line, when it is shown that the plaintiff's vendor, at the time of the sale and conveyance to him, also owned the adjacent lands on the opposite side of the creek, and had erected on them a mill, with a dam extending across the creek, which he continued to use after the sale and conveyance to the plaintiff, and until he sold them to the defendant.[1]

2. *Evidence of plaintiff's improper motive in bringing suit.* — In trespass for the erection of a mill-dam, which overflowed plaintiff's lands, the admission of evidence tending to show that, in bringing the suit, the plaintiff's motive was to harass the defendant into selling his mill, cannot be held erroneous by the appellate court, when the record does not show whether it was relevant or irrelevant to the issues joined.

---

[1] In the head-notes to this case prepared by SAFFOLD, J., and heretofore published, the second was in these words : 2. " The purchaser of land adjacent to a mill from the mill-owner, who, without stipulation in respect to its partial overflow on account of the dam, accepted a deed, which shows the plain intention of the grantor to reserve the accustomed use of his mill without obstruction, and acquiesced in such use afterwards, cannot complain of a subsequent purchaser of the mill and its privileges, that he changed the location of the dam, unless he proves additional injury in consequence." The reporter cannot find anything in the opinion of the court on which this head-note is based, unless it is to be inferred from the affirmance of the judgment. — REP.

[Jenkins *v.* Cooper.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. W. J. HARALSON.

This action was brought by Milton Jenkins, against William H. Cooper, and was commenced on the 3d day of March, 1869. The complaint claimed " one thousand dollars damages, for this : 'that on the —— day of ————, 1868, plaintiff was possessed of a certain close, situate in said county," &c., particularly describing his lands ; " and plaintiff being so possessed of said lands, defendant entered thereon, and cut a ditch, and erected a dam thereon ; by means of which, the waters of said creek, known as ' Widow's Creek,' are dammed up, and obstructed from their usual and natural channel, and made to overflow plaintiff's said close ; whereby plaintiff's said close is greatly injured." The cause was tried at the March term, 1873, and the trial seems to have been had on issue joined on the plea of not guilty, " in short by consent, with leave to give any special matter in evidence ; " though the record sets out several special pleas, some filed at the April term, 1869, and some at the March term, 1873, and does not show what disposition was made of them.

On the trial, as the bill of exceptions shows, the plaintiff proved and read in evidence his deed for the lands described in his complaint, which was executed by Hardin Long and his wife, was dated the 18th December, 1865, and described the said lands as follows : " Beginning at the southeast corner of said section [sixteen, in township one, range eight, east], thence running north to the northern boundary of the south half of the southeast quarter, thence east to the Widow's Creek, *thence down the east bank of said creek to the ford below the mill, thence with the centre of the creek* to the section line, thence east with the section line to the beginning." The defendant owned the lands on the opposite side of the creek, and read in evidence his deed for the same from said Long and wife, which was dated the 28th September, 1868, and purported to convey, with the land, " all the improvements thereon, including the mill-house and other buildings." It was shown that in 1854, when said Long purchased the lands on both sides of the creek, there was a mill on the west bank, and a dam extending across the creek to the east bank ; that he continued to use this mill and dam up to the time of his sale and conveyance to the plaintiff, and until his subsequent sale and conveyance of the opposite lands to the defendant ; that the defendant, after his purchase, erected a new dam, " which extended into and on the east bank of said creek twenty-seven feet further than the former dam, and touched the bank at a point sixty-five or seventy feet lower down the creek ; " that the east bank, " where said dam touches it, is sloping, and that defendant extended said new

[Jenkins *v.* Cooper.]

dam from the water's edge, up this slope, to within three feet of the top of the bank." The erection of this dam, with its abutment on the east bank, and the consequent damage to the plaintiff's land, was the injury complained of; and the bill of exceptions states, that the evidence " was conflicting as to whether this dam was more injurious to the plaintiff's lands than the former." The plaintiff objected to the erection of this dam while it was being constructed, and notified the defendant not to extend it into the east bank.

" One of the questions in the case was, whether the dam erected by the defendant extended on the east bank of said creek, on and into the plaintiff's lands. If plaintiff's deed conveys the land to the water's edge at an ordinary stage of water, or at low water, then said abutment and *spiling* of said dam are on said lands ; but, if said deed only conveys the lands to the top of the permanent bank of said creek, and thence along and down the top to the ford below, then no part of said abutment or dam is on his lands. The court charged the jury, that the plaintiff's deed from Long, construed in the light of the facts herein stated, conveyed to plaintiff the lands above the ford only to the top of the bank, and thence along the top down to the ford. To this charge the plaintiff excepted.

" The court charged the jury, also, that it was the duty of the court to construe and interpret the said deed, in the light of the facts herein stated, as existing when said deed was made, and to determine what the parties meant by the term *bank* therein used ; and so construing said deed, the court instructed them that it did not convey to plaintiff the lands above the ford to low water, but only to the top of the bank ; " to the latter part of which charge the plaintiff also excepted.

" The court charged the jury, also, that if Long, when he sold said lands to plaintiff, had the said mill in operation, with a dam extending across said creek, and this dam flooded the lands sold by him to the plaintiff, and extended out and on the eastern bank of the creek, on the lands thus sold to plaintiff ; and this was known to plaintiff, or was open, visible, and apparent, when plaintiff purchased ; then, in law, said Long is deemed to have reserved the right to continue said dam, or to erect a new dam anywhere above the ford, not working any greater injury to the plaintiff's lands than did the dam existing when he sold to plaintiff ; and for the purpose of erecting said new dam, he had the right to go to the top of the east bank of said creek, and appropriate the entire bank ; and this right passed to the defendant as his grantee." To this charge, also, the plaintiff excepted.

The deposition of one W. N. Scruggs was taken by the defendant, and read in evidence on the trial. The answer of said

witness to the 8th interrogatory was as follows : " I heard plaintiff say, that he would give Mr. Cooper, the defendant, what he paid for the property, and that said Cooper need not keep the mill with the expectation of being benefited by it; that he would take the meat from his family, and let them live on bread and water, and spend the money at law, before he would let defendant injure the property." The plaintiff objected to the admission of this answer as evidence, and reserved an exception to the ruling of the court admitting it ; and the bill of exceptions states, that on his subsequent examination as a witness, " he denied that he had ever made any such statement to said Scruggs."

The charges of the court to the jury, and the admission of this evidence, are the matters now assigned as error.

WATTS & TROY, for appellant. — 1. A written instrument, capable of two constructions, must be construed most strongly against the maker. Livingston v. Arrington, 28 Ala. 429.

2. The plaintiff's deed, construed most strongly against the grantor, conveyed the land to the water's edge, if not to the centre of the creek. McCutchen v. McCutchen, 9 Porter, 650 ; Angell on Watercourses, §§ 9, 11, 14, 23, 24, 26–29, 41 ; Burden v. Stein, 27 Ala. 104.

3. When boundary lines are fixed by the deed, the question as to the true construction is purely a question of law, and parol evidence cannot vary it. Phillips v. Costly, 40 Ala. 486 ; Carter v. Beck, 40 Ala. 599 ; Magee v. Hallett & Walker, 22 Ala. 699 ; Dunn v. Br. Bank, 2 Ala. 152.

JNO. D. BRANDON, with W. H. ROBINSON, contra. — 1. It was the duty of the court to construe the deed in the light of the surrounding circumstances at the time it was executed. Doe d. Hughes v. Wilkinson, 35 Ala. 462, and numerous cases there cited ; Pollard v. Maddox, 28 Ala. 325 ; Cowles v. Garrett, 30 Ala. 348 ; Drake v. Goree, 22 Ala. 414.

2. The deed was properly construed by the court as conveying the lands only to the top of the bank. Hatch v. Dwight, 17 Mass. 289 ; Child v. Starr, 4 Hill, N. Y. 369.

3. The plaintiff purchased the lands with the servitude of the mill on them. His vendor had the right to go to the top of the bank to improve the old dam, or to erect a new one ; and this right passed by his deed to the defendant. Washburn on Easements, 68, 71–76 ; Ib. 42–44 ; Addison on Torts, 80–81 ; Pyer v. Carter, 1 H. & Norm. 916 ; 6 Amer. Rep. 302 ; Butterworth v. Crawford, 7 Amer. Rep. 352 ; 21 N. Y. 505 ; Angell on Watercourses, 164–67, and cases there cited.

[Jenkins v. Cooper.]

B. F. SAFFOLD, J. — The appellant claimed damages of the appellee, for constructing a mill-dam and ditch upon his premises, whereby they were overflowed. They were separate purchasers of land from Hardin Long, who owned and operated a mill on " Widow's Creek," and was seized of the adjacent land on both sides of the creek. The appellant's deed bounded his land by a line running " west to the Widow's Creek, thence down the *east bank* of said creek, to the ford below the mill, thence *with the centre of the creek* to the section line," &c. The appellee's land, acquired subsequently, was immediately west of the line made by the east bank, and embraced the mill-house and " other buildings." Long continued to operate the mill, without objection from the plaintiff, until he sold it to the defendant. The latter abandoned the dam used by Long, and constructed the one complained of, lower down the creek, but still above the ford. It projected farther into and upon the eastern bank than the former one, but did not reach to the top. The court, construing the plaintiff's deed, instructed the jury, that the top or brink of the bank above the ford was the boundary of his land on that side, and not the low-water line ; and, further, that he had conceded to Long such use and control of the stream above the ford, as he was in the open exercise of at the date of his purchase, which use and control had passed to the defendant ; but the latter could not so exercise this right as to impose on the plaintiff any greater injury or obstruction than before resulted.

In interpreting written contracts, the intention of the parties is the guide. Parol evidence is inadmissible, to ascertain and establish the intention, as an independent fact, different from what is expressed. But what is meant by the words used is open to parol explanation of surrounding circumstances ; such as the occasion which gives rise to them, the relative position of the parties, and their obvious design. This evidence is available, both to the court and the jury ; but the province of each is more discernible in the particular case, than susceptible of expression in general terms. For instance, the intention of the grantor in making the deed, when ascertained from the deed alone, is for the court to determine, and not the jury. If the writing, although complete in itself, contains a term which it is impossible for the court to construe, without the aid of evidence *aliunde*, as in determining whether covenants are dependent or independent from *performance within a reasonable time*, it is proper to resort to such evidence for that purpose. But the identical boundary referred to in a conveyance is always subject to parol evidence, and, when disputed, it must be left to a jury to say which was intended. *McCutchen* v. *McCutchen*, 9 Port. 650 ; *Drake* v. *Goree*, 22 Ala. 409 ; *Miller* v. *Cullum*,

[Colton v. Price.]

4 Ala. 576 ; Add. on Contracts, 844–849. In this case, if there were two or more banks on the east side of the creek, it would be for the jury to say which was intended as the boundary. But, as there appears to be but one, and the question is, whether the bottom next to the water, or the extreme top, was intended, the court must decide. We think it decided correctly. Long did not intend to convey to the plaintiff any of his mill privileges. The very purpose of a dam is to raise the water above its ordinary height. The space between the top of the bank and the water was more appropriate for the use of the mill, than for that of the adjacent property above it. The difference between the water line and the centre of an insignificant stream was too small for the obvious design of the parties.

The testimony of Scruggs, objected to by the appellant, tends to show an improper motive on his part in bringing the suit, viz., to harass the defendant into selling the mill property to him. Nothing appears in the transcript to show whether this was relevant or irrelevant. The action was for a tort to property, for which vindictive damages were recoverable; and in view of the multiform phases of such a case, we cannot say there was error in admitting it. *Bolling* v. *Wright*, 16 Ala. 664.                                    The judgment is affirmed.

BRICKELL, J., not sitting, having been of counsel.