# Hamilton *v.* Brent Lumber Co.

*Bill in Equity to enjoin Trespasser in Cutting Timber from Land.*

1. *Injunction of trespass; jurisdiction of equity.*—While a court of equity has jurisdiction to enjoin trespass upon land by cutting and removing timber therefrom, this jurisdiction is not exercised as a matter of course upon the mere commission of a trespass; and equity will not interfere unless the party complainant is in possession of the land under a clear legal title in himself, and the trespass is recurrent, continuous, and would result in a multiplicity of suits.

2. *Same; same.*—A court of equity is without jurisdiction to determine a question of disputed title on a bill to restrain trespass upon land; and upon such a bill the court is as much without power to determine that the title is in either party for the purpose of referring possession to that party and putting the burden of action at law upon the other claimant of title, as it is to finally adjudge title between the parties and dispose of the case accordingly.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the Brent Lumber Company against the appellant, A. J. Hamilton; and prayed for an injunction *pendente lite*, which was to be made permanent upon hearing, to restrain the defendant from cutting and removing timber from the lands described as the N. ½ of the S. E. ¼ of section 7, township 4, range 4 east.

It was averred in the bill that the lands were included in a grant from the general government to the Mobile & Girard Railroad Company; that the lands upon which was the timber involved in this controversy was purchased by one Abraham Edwards from the Mobile &

Girard Railroad in January, 1877; that a few days after said purchase, in the same month and year, Edwards and wife conveyed the deed to said lands to one S. T. W. Sanford; that S. T. W. Sandford died many years before the filing of the bill, and left surviving him three grown sons and a widow, and also left a will, which was duly probated, in which his three grown sons became the owners of all his property; that the widow of said S. T. W. Sandford died intestate shortly after the death of her husband; that in August, 1896, the sons of S. T. W. Sandford conveyed the lands involved in this litigation to H. D. Ewing of New York; that in December, 1897, said Ewing sold the timber on said lands in question to the Pensacola Land & Lumber Company, and that in May, 1898, the Pensacola Land & Lumber Company sold to the complainant, the Brent Lumber Company, all the standing timber on said lands; that the Brent Lumber Company was a corporation engaged in the lumber business, and was the owner and operated a large lumber mill for the sawing of timber and the manufacture of lumber; that in making the purchase of the standing trees and timber upon the lands in question from the Pensacola Land & Lumber Company it was for the purpose of procuring the timber for the manufacture of lumber. It was then averred in the bill that in October, 1898, after the purchase by the plaintiff from the Pensacola Land & Lumber Company, the defendant, A. J. Hamilton, entered upon said lands, without the consent or authority on the part of the complainants, and began to cut and remove therefrom large quantities of the standing and growing timber, and was continuing to cut and remove the timber from said lands, and that said Hamilton refused, upon the request of the complainants, to discontinue his cutting and removing, and pretended to have the right to cut and remove the timber on said lands, by virtue of a purchase from the Hand Lumber Company.

The bill then continues as follows: "Orator alleges and shows that said above described lands in said section seven have never been in the actual adverse possession or *pedis possessionis* of any one claiming the title to said lands as against the real owner as hereinbefore

set out, to-wit, the said H. D. Ewing, that no one has entered upon said land claiming either them or the timber thereon so far as your orator is informed and believes, until said Hamilton entered thereon as hereinbefore stated, not with any claim of ownership to the land, but for the mere purpose of cutting and removing the trees and timber therefrom. Orator shows to your honor that it has not the legal title to said land and is unable to bring any ejectment suit against Hamilton to dispossess him of the same or any right or interest therein in any such suit.

"Orator is informed and advised, and upon such information and advice alleges that no damage could properly be assessed by a jury in a court of common law, under the rules of evidence therein, that would adequately or fully compensate orator for the loss occasioned by the past, present or continuous cutting and removal of the timber growing on said lands in said section seven, and also for the reason that orator bought said timber on said land with the idea and purpose of holding the same as long as they saw proper so to do, and of cutting and removing same at such time in the future as they might deem proper and as may be profitable to them in the conduct, management and operation of their saw mills, and in sawing up said timber and trees for sale in the public market. And orator is advised and upon such advice alleges that in any suit brought by him in the common law court either for damages or for recovery in specie of said timber so cut and removed, if it could be found and identified, that the legal title to the land would probably be involved, and would be a principal or important factor in the determination of such case, that in personal and transitory actions of such kind the legal title to lands can not be involved and determined. So that orator would be remediless at law or could not have adequate compensation. Your orator is informed and advised, and upon such information and advice alleges that even if it had an undoubted right to maintain an action at law against said Hamilton, a larger number and numerous suits would be necessary and proper to be brought under the facts hereinbefore alleged and shown, in order to obtain

as fully as possible compensation for the loss of the
rights and interest of orator, and said suit would have
to be brought in Baldwin county, Alabama, and that the
circuit court of said county does not meet until late
in the spring term of 1899, so that said case could not
possibly be tried until said spring term of said court,
and that often matters arise which cause the continu-
ance of cases, and irreparable injury and the total loss
to the orator of all its timber would result even if ora-
tor could without question maintain its action at com-
mon law."

It was then averred that the timber on the lands
which was purchased by the complainant, was neces-
sary in the prosecution of the complainant's business,
and that irreparable injury would result to complain-
ant if trespassers were allowed to continuously cut the
timber therefrom.

To this bill the defendant demurred upon the follow-
ing grounds: "1. Because Hampton D. Ewing is shown
thereby to be a necessary party defendant, and is not
made such. 2. Because said bill seeks to clear the title
of the complainant to said personal property and shows
that he has no title to the real estate, and that, there-
fore, this court has no jurisdiction to deal with said
matter. 3. Because it appears from the original bill
of complaint that the complainant has an adequate
remedy at law." The defendant also moved to dismiss
the bill for the want of equity.

In his answer the defendant specifically denied that
the Pensacola Land & Lumber Company was ever the
owner of the lands in question, and also denies that H.
D. Ewing was ever the owner of the lands in question.

It was then admitted and averred in the answer that
Abraham Edwards purchased the lands from the Mobile
& Girard Railroad Company and conveyed them to S.
T. W. Sandford in 1881. That while the lands were so
owned by S. T. W. Sandford or his estate, they were sold
for taxes and at said sale James A. Carney became the
purchaser thereof, and the lands not having been re-
deemed within the time allowed by law, the lands were
regularly conveyed to the said James A. Carney; that
after the death of James A. Carney, Louisa A. Carney,

his widow and administratrix, in 1896, sold said lands to J. D. Hand, who entered into possession thereof under said conveyance, and Hand subsequently sold them to the Hand Lumber Company; that the defendant, A. J. Hamilton, purchased from the Hand Lumber Company the timber standing on said land, and now holds possession thereof. The defendant averred in his answer that he was advised by the defendant, through his agent, to buy said timber from the Hand Lumber Company, that the complainant agreed and promised to buy the timber from this defendant. The other facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree in favor of the complainant. This decree is sufficiently shown in the opinion. The defendant appeals, and assigns the rendition of said decree as error.

GREGORY L. & H. T. SMITH, for appellant.—The bill in this case contained a prayer for general relief, and under this prayer it was proper for the chancery court to have granted a temporary injunction restraining the defendant from cutting timber from the lands in question. The duration of an injunction which could be properly granted under this prayer, depended directly upon the question as to who was in possession of the land at the time of the rendition of the decree. If the defendant was in possession of the lands, the injunction could only be continued for a reasonable time to enable the complainant to institute and try its action of ejectment, and in the event of its failure to seasonably institute an action of ejectment for the trial of its title, the injunction should have been dissolved, and the case dismissed. This is the law as now settled in Alabama. *Ashurst v. McKenzie*, 92 Ala. 490; *Kellar v. Bullingtvon*, 101 Ala. 267.

If the complainant has not alleged and proven that it was in possession of the lands, or if it should appear that the defendant was in possession of the lands, then the decree was entirely erroneous, because the com-

[Hamilton v. Brent Lumber Co.]

plainant, in this event, would have an adequate remedy
at law by an action of ejectment, and because the defend-
ant in this case could not institute an action of eject-.
ment to try his title to a piece of land of which he him-
self was in possession, or of which the complainant
was not in possession, and the decree of the chancellor
would, therefore, indirectly adjudicate the question of
title, and violate the constitutional right of the appel-
lant of trial by jury.—*Bolling v. Crook*, 104 Ala. 138;
*Ashurst v. McKenzie*, 92 Ala. 490; *Kellar v. Bulling-
ton*, 101 Ala. 267; *Amer. F. L. M. Co. v. Sewell*, 92 Ala.
163; *Cook v. Bolling*, 99 Ala. 455; *McDonald v. M. L. Ins.
Co.*, 56 Ala. 470; *Duckworth v. Duckworth*, 35 Ala. 70.
The chancellor was not justified in rendering his decree
upon the theory that the complainant was in possession
of the land in question.—Authorities *supra*.

PILLANS, TORREY & HANAW, *contra*.—The bill has
equity, and presents a statement of facts that author-
izes the equity court to exercise its jurisdiction to re-
strain trespasses of the kind shown.—*Chambers v. Ala.
Iron Co.*, 67 Ala. 353; *Hooper v. Dora C. M. Co.*, 95 Ala.
235; *Wardworth v. Gorec*, 96 Ala. 227.

The complainants do not claim to own anything ex-
cept the standing timber on the lands, and that the
title to the land is in H. D. Ewing.   The defendant,
Hamilton, does not claim to own the land itself, but
he claims to own the standing timber thereon, and he
claims that Hand Lumber Co. owns the land, and that
the injunction should be maintained.—*Davis v. Seed*,
14 Md. 152; *Clarke's Appeal*, 62 Pa. St. 447; *Grant v.
Crow*, 47 Iowa, 632; *Atkins v. Chisolm*, 7 Met. 398;
*Moore v. Terrell*, 1 Ga. 7; *Gilbert v. Arnold*, 30 Md. 29;
*De la Croix v. Villiere*, 1 La. Ann, 39; 2 Green. Ch. N.
J. 177; *Lowndes v. Bettle*, 33 L. J. Ch. 451; Freeman's
Notes, 11 Amer. Dec. pp. 500, 501, 504.   We submit
that the decisions from Alabama herein cited, and the
other cases cited, show that the bill on its face has
equity.   With reference to the question of adverse pos-
session, we cite the following cases:—*Sullivan v. Van
Kirk L. Co.*, 124 Ala. 225; *Adler v. Prestwood*, 122 Ala.
367; *Swan v. Lindsay*, 70 Ala. 507.

McCLELLAN, C. J.—Bill filed by Brent Lumber Co. against Hamilton to enjoin trespasses. Alleged trespasses consist in cutting and removing trees. Complainant avers that it has title to the timber on certain lands. Respondent alleges that the timber belongs to him. Neither party assert any title to the land itself. The court tried the case in recognition of this dispute as to the title in and to the timber interest and of its own want of jurisdiction to determine in which party the title resided. Thus proceeding, it found that the constructive possession of the interest in issue was in the complainant, and decreed that "the injunction heretofore issued is continued until defendant shall have had reasonable time to bring his action at law to adjudicate his title to the disputed land, and on failure on his part to bring such action, this injunction to be made perpetual on motion of complainant." The bill does not aver that complainant has possession of the land or of the timber interest in it. The evidence does not show that complainant had possession of the land or of such interest. The chancellor overlooked this want of averment as to complainant's possession. He expressly found that complainant did not have the actual possession. And yet he found that for the purposes of this case and for the purposes of an action for recovery of the land, or this timber interest, at law the possession was in the complainant. He reached this conclusion upon a consideration of the issue of title presented by the pleadings, a determination by him of that issue in favor of the complainant, a finding that neither party was in the actual possession, and the application of the doctrine which refers the possession to the title. We think the court below was at fault in all this. The conclusion is rested upon a finding which it had no jurisdiction to make. Under all the authorities the chancery court is without jurisdiction to determine a question of disputed title on a bill to restrain trespasses upon land.—*Ashurst v. MvKenzie,* 92 Ala. 490, and cases there cited; *Kellar v. Bullington,* 101 Ala. 267; *Bowling v. Crook,* 104 Ala. 138; and the rule is as potent against the determination of such question in such case

for one purpose as for another: the court is as much
without power to determine that the title is in one party
for the purpose of referring possession to that party
and putting the burden of action at law upon the other
claimant of title, as it is to finally adjudge title between
the parties and dispose of the case accordingly. More-
over, there being no averment in the bill of possession
in the complainant, it would seem that under no state
of the evidence and under no application of the princi-
ple that possession will be referred to the title, conced-
ing that principle could be applied at all, would the
court have been authorized to find that complainant
was in possession, the absence of averment of possession
being as fatal to such conclusion as the absence of evi-
dence. But pretermitting the foregoing consideration and
looking alone to the evidence, it is entirely clear that
complainant is not, and was not at the time the bill was
filed, or at the time the decree was rendered, in the
actual possession, and, on the other hand, it is shown
to our reasonable satisfaction that the respondent had
at each of the times referred to and during the interven-
ing periods such actual possession as the character of
the land and the nature of the disputed interest in it
reasonably admitted of. On this state of case the onus
was upon the complainant to institute an action at law
to determine the question of title—an action to recover
the possession thus shown to be in the respondent—
and the chancellor erred in imposing that burden upon
the respondent. We cannot adopt the view of com-
plainant that the personal action it has instituted for
the value of trees taken from the land by respondent is
one in which title may and will be determined, nor the
view of respondent that inasmuch as complainant might
have brought its real action at law when the bill was
filed, or even before or at any time since, it has had
such reasonable time to do so, that it should not now be
allowed further opportunity to have the disputed title
settled at law. We think the decree below should have
required complainant to sue at law and allow him a
reasonable time to do so.

The court below also erred in finally decreeing costs
against respondent.

The decree below will be reversed and a decree will be here entered continuing the injunction until the complainant shall have had a reasonable time to bring its action at law to recover the possession of the realty in controversy, the injunction to be dissolved and the bill dismissed on respondent's motion in the chancery court if such action be not seasonably instituted and diligently prosecuted by complainant.

Reversed and rendered.