# Chappell v. Roberts.

*Bill in Equity to enjoin Trespass upon Land.*

1. *Bill to enjoin trespass; pendency of ejectment suit.*—A bill in equity was filed by one claiming to own a certain lot, which was valuable for sand and gravel, and prayed to have the defendant enjoined from removing sand and gravel from said lot. A preliminary injunction was issued. Defendant filed a sworn answer denying the complainant's ownership and alleged that he was the owner thereof. On motion to dissolve the injunction the court continued the injunction for twenty days and ordered the complainant to bring his action at law for the recovery of the land in question. Within the time allowed the complainant instituted his action of eject-

ment to recover the said land, in which case judgment was rendered on the merits in favor of the defendant. Immediately thereafter, the complainant brought a second action of ejectment against the defendant to recover the same land. The second action was tried on its merits and resulted in a judgment for the defendant. From this judgment the complainant appealed and executed supersedeas bond. *Held*: That pending the appeal in the second action the injunction should not be dissolved.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, James Chappell, against the appellee, J. T. Roberts.

The facts of the case are sufficiently stated in the opinion.

CHAS. P. JONES, for appellant.

GEORGE M. MARKS and THOS. H. WATTS, *contra*, cited *Mabel Min. Co. v. Pearson etc. Co.,* 121 Ala. 571; *Harrison v. Yerby,* 87 Ala. 185; 16 Am. & Eng. Encyc. Law, 424.

HARALSON, J.—The complainant, James Chappell, filed his bill against the defendant, J. T. Roberts, alleging that for a long time he had been the owner of a certain lot of land in Montgomery county; that shortly before filing the bill, the defendant wrongfully entered on and took possession of said lot and was digging and removing sand therefrom; that the lot was valuable only for sand and gravel, and the bill prayed an injunction restraining defendant from removing the sand from said lot. Preliminary injunction was issued. Defendant filed a sworn answer, denying that complainant was the owner of the lot, and alleging that he, the defendant, was the owner thereof, and thereupon, he moved the court to dissolve the injunction. The court on this motion, following the course proper to be pursued in such a case, as indicated in *Hamilton v. Brent,* 127 Ala. 78, and *Ashurst v. McKenzie,* 92 Ala. 490, continued the in-

[Chappell v. Roberts.]

junction for twenty days, during which time, it was ordered that complainant should bring his action at law for the recovery of the land in question, providing, also, for such further time as might suffice to obtain judgment in such action,—the same being diligently prosecuted,—and in default of so doing, the injunction would be dissolved on defendant's motion.

The complainant within the time allowed instituted his action in ejectment in the city court of Montgomery, against the defendant, to recover the land described in the bill, in which case, on trial had, judgment was rendered on the merits in favor of defendant. Immediately thereafter, complainant brought a second action in ejectment against defendant, in the circuit court of Montgomery county, to recover the same land. This action was tried on its merits, ·resulting, also, in a verdict and judgment ·for the defendant. From this judgment the complainant took an appeal to this court, executing supersedeas and cost bonds, and that that appeal is now pending undecided in this court.

The defendant, then, again moved the court to dissolve said injunction, which motion was submitted on an agreed statement of facts, substantially as set out above. The lower court dissolved the injunction, and from that decree this appeal is prosecuted.

The plaintiff was not barred in his second action in ejectment, since, to have that effect, it requires two judgments between the same parties, in which the same title is put in issue.—Code, 1896, § 1554. The judgment in the second action may be different from that recovered in the first, and it is evident, that the question of disputed title to said lot between the parties, remains undetermined, and will so remain, until the final determination of said second action of ejectment, now pending in this court. Under these conditions, it would seem that a dissolution of said injunction before that time, is premature. It does not appear that the complainant has, in any respect, been lacking in diligence in the prosecution of his suits at law, to determine the question of the disputed title between himself and defendant.

[Ross v. DeCampi.]

In the case referred to from 127 Ala. 84, it was said: "Under all the authorities the chancery court is without jurisdiction to determine a question of disputed title on a bill to restrain trespasses upon land; * * * and the rule is as potent against the determination of such question in such case for one purpose as for another; the court is as much without power to determine that the title is in one party for the purpose of referring possession to that party and putting the burden of action at law upon the other claimant of title, as it is to finally adjudge title between the parties and dispose of the case accordingly."

The equities between the parties require that the injunction shall remain of force, until the question of disputed title has been adjudicated at law.

Reversed and remanded.