# Yellow Pine Export Company *v.* Sutherland-Innis Company.

## *Bill in Equity for an Injunction.*

1. *Injunction; will not issue to prevent one from interfering with the removal of personal property.*—A court of equity will not issue an injunction at the instance of the owner of logs or hewn timber located in a certain boom and in the possession and under the control of the defendant, to restrain the defendant from interfering with or preventing the complainant from removing said logs or timber; there being a plain and adequate remedy at law.
2. *Same; will not lie to change possession of property.*—An injunction will not be issued for the purpose of taking property out of possession of one party and putting it in possession of another.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee against the appellant on July 7th, 1904. In the bill it was averred that up to and including June 20th, 1904, and for a long time prior thereto, the complainant was in possession of a certain boom in a navigable stream. That said boom was used by complainants as a place for storing, floating and handling logs and timber, and had been so used up to June 20th, 1904, under and virtue of a lease; that upon the expiration of said lease the complainants surrendered possession of said boom, and it was released to defendants; that at the time of the expiration of said lease and the surrender thereof, there was left in and under the manager of said boom 400 or 500 pieces of sawed or hewn timber, which was the property of the complainants; all of which timber could be easily identified and separated from other timber that might be in said boom; that a few days after the respondent was put in possession of said timber, the complainant

sent its employees to remove its timber from said boom, when they were prevented therefrom by the agents of the respondent company and threatened with arrest; that thereupon the respondent refused to allow the complainants to remove said timber from said boom.

It is then averred in the bill that the complainant could remove the timber from the boom without damage to the property of the defendant; that the refusal of the defendant to allow complainant to remove said property had greatly damaged and embarrassed the complainant, and that such refusal was without legal right or excuse. The prayer of the bill was that an injunction issue, enjoining and restraining the defendants' officers, agents and employees from molesting, hindering or obstructing the complainant or its officers or employees in the removal of the timber left by the complainant in said boom.

Upon the filing of the bill and the execution of a bond therefor, an execution was issued, enjoining the defendant "from molesting, hindering or obstructing in any way the complainant, the Sutherland-Innis Company, its officers, agents, servants and employees, in the removal of the timber left by the complainant in the boom, that is to say, that certain boom a place for storing, floating and handling logs and timber, situated on the north side of Chickasabogue Creek in Mobile county, until the further orders of this court." The defendant moved the court to dissolve the injunction, because the bill was without equity, and assigned several grounds therefor. The defendant also moved to discharge the injunction upon the same grounds. The defendant also moved the court to modify the injunction so as to allow the property "to remain *in statue quo* until such means to dissolve and discharge said injunction could be heard." Upon the hearing of the motion to modify the injunction, the chancellor rendered the following order: "It is therefore ordered and decreed that the injunction heretofore issued be and hereby is modified so that the prohibition of the injunction shall extend to the prevention of any interference by the defendants with the complainants, acting in a reasonable manner through competent and peaceful men from going into the boom

and raising such timber or logs as may be claimed by them, and collecting them together so that they may be secured, identified and preserved pending the litigation in this cause, by presence of watchmen or otherwise, the injunction is modified to this extent that the injunction shall not prevent the defendant from taking any steps to prevent the removal of such timber or logs from the boom should complainant attempt to do so."

Upon the submission of the cause upon the motions to dissolve and discharge the injunction, the chancellor rendered a decree overruling each of said motions.

From this decree the defendant appeals and assigns the rendition thereof as error.

GREGORY L. & H. T. SMITH and FITTS & STOUTZ, for appellant.—A bill in equity will not lie to adjudicate the title or rights to real property at the instance of a party who is not in possession thereof, and the court cannot, under any circumstances, confer upon one party the right to enter upon real estate occupied by another pending a trial upon the merits.—*Inglis v. Freeman*, 131 Ala. 298.

A court of equity never takes jurisdiction to extend or modify a remedy which has been prescribed by statute or in order to relieve the proceedings of the statutory formalities and conditions.—*Jancy v. Duell*, 55 Ala. 409; *Phillips v. Walsh*, 63 Ala. 418; see also *Salny v. Johnson*, 35 Mich. 489; *People v. Judge of St. Clair Cir.*, 31 Mich. 456; *People v. Jones*, 33 Mich. 303.

McINTOSH & RICH, *contra.*—Appellee was without "a plain and adequate" remedy in any other tribunal. (Code of Ala., Sec. 638.)   Now, the test of the "plain and adequate" remedy referred to in the first subdivision of Sec. 638 of the code is not merely that there is a remedy at law, but it must be plain and adequate and as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity. 1 Pomeroy Equity Jurisprudence, Sec. 180; *Irwin v. Lewis*, 50 Miss. 368.   See also *Webb v. Robbins*, 77 Ala. 183; 1 Pomeroy Equity Jurisprudence, 135.

ANDERSON, J.—This appeal is prosecuted from a decree of the chancellor refusing to dissolve the injunction.

It is an elementary and fundamental rule that before a complainant is entitled to relief in a court of equity, he must have no plain and adequate remedy at law.— Code 1896, § 638; *Inglis v. Freeman,* 137 Ala. 298; 16 Am. & Eng. Ency. Law, (2nd ed.) p. 352; Adams or any other work on Equity.

The bill in this case avers ownership in complainant of four or five hundred logs, in a certain boom in the possession of and under the control of the appellee, and that said logs are detained by it, in that it refuses to permit appellant to remove them. Upon these averments it seems that both the common law and the statute provides a remedy for the recovery of said logs. It is true the bill avers a want of knowledge as to the description and exact number of logs and that they would be more easily removed by its hands than the officers of the law. It is not the mission of a court of equity to simplify or make easier the enforcement of a legal right.—*Janney v. Buell and wife,* 55 Ala. 408.

There was a modification in the original injunction but the injunction as modified, is for the obvious purpose of putting the appellee in possession of the logs and to deprive the appellant thereof. It is a rule of almost universal application, that an injunction will not issue to take the property out of the possession of one party and put it in possession of another.—16 Am. & Eng. Ency. Law, p. 364.

The action of the chancellor in refusing to dissolve the injunction is reversed, and a decree is hereby rendered dissolving the injunction and dismissing the bill.

Reversed and rendered.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.