# Goodson *v.* Stewart, *et al.*

*Bill to Quiet Title to Timber Growing on Land.*

(Decided Jan. 23rd, 1907.   42 So. Rep. 1019.)

*Injunction; Pendente Lite; Dissolution.*—An injunction restraining
   the cutting and removal of timber pending a suit to quiet title
   to the timber, should not be dissolved on the coming in of an
   answer which merely asserts a fee simple title to the pine tim-
   ber and makes no denial as to the other timber.

APPEAL from Autauga Chancery Court.
Heard before Hon. W. W. WHITESIDE.
Suit by Thomas R. Goodson against Irenus Stewart
and others.   From a decree dismissing an injunction,
complainant appeals.

· GUNTER & GUNTER, and C. E. O. TIMMERMAN, for ap-
pellant.—The only question presented on this appeal is
whether or not the appellant is entitled to have the
thing in dispute protected by injunction until the title
can be decided.   This seems to be settled in favor of
appellant.—*Coleman & Davis v. Elliott,* 40 So. 666; v
High on Injunctions, Sec. 671 et seq; *Deegan v. Neville,*
127 Ala. 497; *Jeroma v. Ross,* 11 Am. Dec. 500.

   H. E. GIPSON, for appellee.   No brief came to the Re-
porter.

TYSON, J.—The bill in this cause was filed to quiet
the title to the timber now growing upon certain de-

scribed lands, which are owned by the complainant, and for an injunction against defendants, pendente lite, restraining them from trespassing upon the lands and cutting and removing therefrom valuable pine and other timber. The answer does not deny the title of complainant to the lands, neither does it deny the entry upon it and the cutting and removal therefrom of the timber as alleged in the bill, but simply asserts a fee simple title to the pine timber under mesne conveyances from one Price, who, it is alleged, owned the land and sold the pine timber in the year 1855, with the right of ingress and egress on and over said land for the cutting, hauling, and removing it. On motion the chancellor dissolved the preliminary injunction, presumably upon the denials in the answer. It will be observed that the answer makes no denial of the cutting and removal of timber, other than pine, as charged in the bill. The averment of the bill must, therefore, be taken as confessed. This being true, the injunction should not have been dissolved, if the bill contains equity, which it confessedly does.

But, considering the case, as the chancellor did, upon the affidavits and on abstract of respondents' title to the pine timber, submitted along with the motion, without committing ourselves to the correctness of this procedure, we are constrained to reach the same conclusion. Price's deed only conveyed the pine timber on the land at the date of its execution (1855) large enough to be sawn into lumber. The preponderance of the evidence, as shown by the affidavits, establishes that all such timber was cut and removed from said lands many years ago, and that the pine timber now on it has grown up since. We do not wish to be understood by what we have said as intimating that, if the pine timber now on the land was on it in 1855, respondents would have the legal right of ingress and egress on and over the land for the purpose of cutting it. This question is not presented. The decree dismissing the injunction is reversed, and one will be here rendered reinstating it.

Reversed and rendered.

HARALSON, SIMPSON, and DENSON, JJ., concur.