(75 South. 881)

MOBILE COUNTY et al. v. KNAPP.
(1 Div. 975.)

(Supreme Court of Alabama. May 10, 1917.)

1. INJUNCTION ⬥➡38 — TRESPASS — DISPUTE OVER TITLE—INJUNCTION TO PERMIT SUIT.

When title to land is in dispute, and trespasses are continuous and cause irreparable injury, equity will award temporary injunction, whether defendant or complainant is in possession, to enable the parties to bring a suit at law to establish the legal title.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90.]

2. INJUNCTION ⬥➡36(2)—TRESPASS—JURISDICTION OF CHANCERY—IRREPARABLE INJURY.

Where a bill to enjoin a continuous trespass shows that title to the land involved is in dispute, and that complainant has not taken steps in a proper forum to establish her title, and no irreparable injury is shown, a court of chancery has no jurisdiction to enter decree for complainant, thus taking property out of the possession of one party and putting it in the possession of another.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 83.]

Appeal from Chancery Court, Mobile County; Thomas H. Smith, Chancellor.

Suit by Hattie B. Knapp against Mobile County and others. From a decree for complainant, defendants appeal. Reversed and remanded.

Gordon & Edington, of Mobile, for appellants. Rickarby & Austill, of Mobile, for appellee.

THOMAS, J. The bill is to enjoin a trespass alleged to be continuous. The complainant avers that she is in the peaceable possession of the real estate described; that during the early part of the year 1907, the county of Mobile, through its duly qualified and elected agents, the board of revenue and road commissioners, trespassed upon the land described, and "laid out and constructed a road commonly called the Ben Hamilton road"; that at the time said road was built, the title to the land over which the same was constructed was vested in the Unit-

ed States government. Complainant further avers that the county of Mobile had no right to enter upon the land for the purpose of constructing said road, and never acquired permission in the manner provided by law, or acquired the title to said right of way by complying with the statutory requirements, or otherwise; that the public and the defendants herein are continuously trespassing upon said land, by going over and along said road, and by wrongfully entering upon said land and working upon said road, by grading, filling, and cutting the same, and that such working of the road does irreparable injury and damage to her land. Complainant further avers that she has requested and demanded the board of revenue and road commissioners of Mobile county to discontinue and abandon said road and remove the same from said land, and that complainant has offered to give and convey to Mobile county a right of way, of legal width, along the north line of said property, running in the same general direction as said road, but that the county of Mobile has failed and refused to abandon said road, and continues to assert the right to work the same and to keep it open for the public use.

[1] The decisions of our court are to the effect that when the title to land is in dispute, and the trespasses thereon are continuous and cause irreparable injury, a court of equity will award a temporary injunction, whether the defendant or the complainant be in the possession, to enable the parties to bring a suit at law to establish the legal title. The object of such temporary injunctive relief is to preserve the property until the respective rights thereto can be judicially determined.

The bill in this case avers continuous trespasses, and that the injury sustained therefrom is irreparable. Yet the facts averred do not indicate that irreparable injury is being sustained by complainant through the continuous use and maintenance of the road that was located and constructed in 1907. Driver v. New, 175 Ala. 655, 57 South. 437; Hamilton v. Brent Lumber Co., 127 Ala. 78, 28 South. 698; Chappell v. Roberts, 140 Ala. 324, 327, 37 South. 241.

[2] The bill shows that the title to the land in question, and over which the road was laid out and maintained, is in dispute, and that appellee has not taken steps, in a proper forum, to establish her title therein. A court of chancery has no jurisdiction "to take property out of the possession of one party and put it in the possession of another." Fair v. Cummings, 72 South. 389;[1] Yellow Pine Export Co. v. Sutherland, 141 Ala. 664, 37 South. 922; Chappell v. Roberts, supra. The complainant having a complete and adequate remedy at law (Yellow Pine Lumber Co. v. Sutherland, supra), and no irreparable injury to complainant being shown,

the decree of the chancery court will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.