(78 South. 91)

THOMPSON v. JOHNSON. (1 Div. 10.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. COURTS ☞52 — ABOLITION OF CHANCERY COURT—PENDING CAUSES.

Where the chancery court ceased to exist by operation of law, causes pending therein were transferred for trial or decision to the circuit court, which was clothed with the power either to set aside a former submission and have resubmission, or to render decision on the original submission.

2. EQUITY ☞363 — MOTION TO DISMISS — WANT OF EQUITY.

A motion to dismiss for want of equity will be sustained only when complainant can have no relief after admitting all the facts apparent on the face of the bill, whether or not well pleaded.

3. INJUNCTION ☞171—DISSOLUTION—WANT OF EQUITY—DENIALS—AMENDABLE DEFECTS.

Dissolution of an injunction will be allowed only for want of equity in the bill, or upon the denials of a verified answer; the amendable defects being regarded as amended.

4. INJUNCTION ☞136(2) — INJUNCTION PENDENTE LITE—CUTTING OF TIMBER.

In suit to enjoin the cutting and removal of timber, ordinarily the court will allow a temporary writ of injunction, whether complainant or respondent be in possession, to preserve the property until the rights of the parties to the timber can be judicially determined.

5. LIS PENDENS ☞8—INSTITUTION OF SUIT—STATUTE.

Where injunction to restrain the cutting and removal of timber was sought, lis pendens extended from the date of institution of the suit under Code 1907, § 4853, when the bill of complaint was filed in the office of the register in chancery.

6. LIS PENDENS ☞1—ESSENTIALS OF APPLICATION OF DOCTRINE.

Two things are indispensable to give the doctrine of lis pendens effect: First, the litigation must be about some specific thing, which must be affected by the termination of the suit; second, the particular property involved in the suit must be pointed out by the proceedings, so as to warn the whole world that they intermeddle at their peril.

7. JUDGMENT ☞682(1) — SUBSEQUENT PURCHASERS—EFFECT.

Where the special defense sought to be made in suit to restrain the cutting and removal of timber could have been pleaded in bar of a former suit by complainant's predecessor in title, the judgment in the former suit was binding on a purchaser pending litigation from a party to the suit.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by J. E. Thompson against W. B. Johnson. From the decree, complainant appeals. Affirmed.

T. J. Bedsole and F. E. Poole, both of Grove Hill, for appellant. Q. W. Tucker and .W. D. Dunn, both of Grove Hill, for appellee.

THOMAS, J. [1] When the chancery court ceased to exist by operation of law, pending causes therein were transferred for trial or decision to the circuit court. Ex parte City Bank & Trust Co., 76 South. 372.[1] The latter court was clothed with the power either to set aside a former submission and have a resubmission of the cause in that court, or to render decision on the orginal submission.

Appellant filed a bill on August 19, 1916, praying a temporary writ of injunction restraining appellee from cutting and removing timbers from certain of appellant's lands alleged to be in the possession of appellant.

The bill avers that the land is principally valuable for its timber, and that said respondent has entered thereon and is cutting and hauling large quantities of timber and threatening to cut and remove all of the merchantable timber from said lands, in disregard of complainant's rights; and that unless restrained, respondent will cut and remove all of said timber, rendering said land practically worthless, to the irreparable injury of complainant. It further avers that respondent is insolvent and unable to pay any judgment that might be rendered or obtained against him for damages.

Appellee filed no demurrer testing the equity of the bill, but answered, admitting that complainant "owns an interest" in the lands in question, but denying that complainant owns the entire interest in said lands and the timber thereon in fee simple; and averring that appellee purchased on the 1st day of August, 1906, from Thomas N. Nash, the poplar, pine, and oak timber thereon, "together with the right of ingress and egress to and from said lands for the purpose of hauling said timber for the full period of 12 years." It is further averred in the answer that complainant bases his claim to the land upon an instrument purporting to be a deed executed by the said Nash and wife to William M. Phillips; that at the time of the execution and delivery of the said instrument to Phillips he knew that the said Nash had previously sold to respondent said timber; and it is charged that whatever title or interest the complainant has in the said land was acquired from the said Phillips after the execution, delivery, and recording of the said Nash's deed to respondent to the timber, and that when complainant purchased an interest in the land he did so with full knowledge and notice of respondent's claim and title to the timber thereon. Respondent further admitted that said land is "principally valuable for its timber; * * * that he had cut and removed portions of the timber and intended to cut and remove all of the timber within the limit mentioned in said instrument"; and admitted also that he was insolvent.

By way of special defense, it is averred that on February 14, 1907, complainant took a mortgage on the lands of W. M. Phillips and wife, when theretofore, on January 12, 1907, respondent as complainant had filed his bill in chancery against said Phillips, praying that a writ of injunction issue, restraining said Phillips and his agents or servants from cutting the poplar, pine, or oak timber, or boxing the pine trees, or from removing any

[1] 200 Ala. 440.

of the timber cut, or from interfering with respondent's rights therein, until said Johnson should have a reasonable time within which to bring an action at law to test the legal right to the said timber, and, "upon final determination of said action at law in favor of said Johnson, that the injunction be made perpetual," and that the pendency of this suit was known—actually or constructively—to Thompson when he acquired said interest in the lands from Phillips; that said cause between Johnson and Phillips was submitted for decree on the bill and on a decree pro confesso against Phillips, and final decree was rendered, perpetually enjoining Phillips from interfering with the rights of said Johnson therein.

In the instant case, respondent Johnson moved a dissolution of the injunction, on his full and complete sworn answer denying all of the material allegations of the bill; and submission was had by complainant, on his sworn bill and exhibits thereto, on the writ of injunction, and on the affidavits of Thompson, Tate, and Mr. and Mrs. Nash. The purport of said affidavits was, that the certifying officer did not acquire jurisdiction of the alleged grantees of the purported deed or lease to Johnson of date August 1, 1906—that purporting to have been executed by said Thomas N. Nash and wife to W. B. Johnson, and under which the respondent in the court below claims title to, and the right to cut and remove, the timbers. Qualls v. Qualls, 196 Ala. 524, 532, 72 South. 76.

[2, 3] A motion to dismiss for want of equity will be sustained only when the complainant can have no relief, after admitting all the facts apparent on the face of the bill, whether well pleaded or not. Coleman v. Butt, 130 Ala. 266, 30 South. 364. And the dissolution of an injunction will be allowed only for want of equity in the bill, or upon the denials of a verified answer. Town of Clio v. Lee, 74 South. 243.² All amendable defects are regarded as amended. L. & N. R. R. Co. v. Bessemer, 108 Ala. 238, 18 South. 880. In the recent case of Tidwell v. Hitt Lumber Company, 73 South. 486, L. R. A. 1917C, 232 ³ (opinion by Mr. Justice Sayre), it was held that the complainant was entitled to an injunction to restrain the cutting of all the timber from his lands, though the defendant was financially able to respond fully in damages; that the solvency or insolvency of a defendant is material only when the injury is irreparable, but may be adequately estimated and compensated in money. Cullman Property Co. v. Hitt Lumber Co., 77 South. 574;⁴ McMillan v. Aiken, 182 Ala. 303, 62 South. 519; Lyon v. Hunt, 11 Ala. 295, 46 Am. Dec. 216. For general authorities on the subject see 27 Cent. Dig. § 105, p. 1678, "Injunctions"; 10 Dec. Dig. § 521.

[4] Here, respondent admits his insolvency.

Ordinarily, the court will allow a temporary writ of injunction, whether the complainant or the respondent be in possession, to preserve the property until the rights of the parties to the timber can be judicially determined. Mobile Co. v. Knapp, 75 South. 881;⁵ Driver v. New, 175 Ala. 655, 57 South. 437; Hamilton v. Brent Lumber Co., 127 Ala. 78, 28 South. 698; Chappell v. Roberts, 140 Ala. 324, 37 South. 241; Goodson v. Stewart, 149 Ala. 106, 42 South. 1019; Gilreath v. Carbon Hill Co., 157 Ala. 153, 47 South. 298; Chambers v. Ala. Iron Co., 67 Ala. 353.

[5] It is disclosed by the answer, however, that the mortgage from Phillips and wife to the complainant here (Thompson) was executed on February 14, 1907, and that the bill was filed in the first suit in chancery, by this respondent, on January 12, 1907, and that summons was executed on January 16, 1907, on said Phillips (Thompson's grantor), before the mortgage was executed. The lis pendens of that suit extended from the date of its institution. Code 1907, § 4853; Denson v. Ala. Fuel & Iron Co., 73 South. 525, 530;⁶ Stevenson v. Bird, 168 Ala. 422, 53 South. 93; Stein v. McGrath, 128 Ala. 175, 180, 30 South. 792; Johnson v. Gartman, 173 Ala. 298, 55 South. 906; Morton v. N. O. & S. R. Co., 79 Ala. 590, 605. In the Morton Case, supra, Mr. Justice Somerville observed that:

"Whoever purchases property pendente lite takes it subject to the hazards of the pending litigation. The decree against the parties litigant is equally binding on all such purchasers. The unanswerable reason of the rule is that otherwise chancery suits would be absolutely interminable, at the mere option of the litigants, who would be able, by collusion or otherwise, to protract litigation forever, by the single device of repeated and successive transfers from one to another." Morton v. N. O. & S. R. Co., 79 Ala. 590, 605; Cook v. Mancius, 5 Johns. Ch. (N. Y.) 89; Story's Eq. Pl. § 156.

[6] Two things are indispensable to give the doctrine of lis pendens effect: (1) The litigation must be about some specific thing, which must be affected by the termination of the suit; (2) the particular property involved in the suit must be so pointed out by the proceedings as to warn the whole world that they intermeddle at their peril. Moragne v. Doe ex dem. Moragne, 143 Ala. 459, 39 South. 161, 111 Am. St. Rep. 52, 5 Ann. Cas. 331; Houston v. Timmerman, 17 Or. 499, 21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 852.

[7] The special defense now sought to be made could have been pleaded in bar of the former suit by complainant's predecessor in title, and that judgment was binding on a purchaser of the property pending that litigation, from one of the parties to the suit. Terrell v. Nelson, 199 Ala. 436, 74 South. 929.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

² 199 Ala. 145.　³ 198 Ala. 236.　⁴ Ante, p. 150.　⁵ 200 Ala. 114.　⁶ 198 Ala. 383.