(85 South. 262)

## DONOVAN v. McCORD. (3 Div. 418.)

(Supreme Court of Alabama. Feb. 12, 1920. Rehearing Denied May 27, 1920.)

Injunction ☞38—Bill to enjoin trespasses in aid of ejectment cannot be maintained, where judgment in ejectment went against plaintiff.

Where in a previous ejectment suit defendant, pursuant to Code 1907, § 3843, disclaimed, suggesting that suit arose over a disputed boundary line, and the sheriff established the boundary line, and his report was confirmed over plaintiff's objection, a subsequent suit by the same plaintiff as complainant, in aid of the ejectment, to enjoin trespasses, cannot be maintained, for complainant cannot in that manner impeach the correctness of the judgment in the ejectment suit, and obtain a perpetual injunction, where he failed to sustain his claim at law.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Bill by W. D. Donovan against J. A. McCord, to restrain trespass pending a decision in ejectment. From a decree denying relief, complainant appeals. Affirmed.

Appellant filed this bill against the appellee, seeking an injunction against trespass in aid of a pending ejectment suit brought by him against respondent to this bill for the recovery of lands, the subject-matter of this controversy.

The bill was answered, testimony taken, and the cause submitted for final decree, resulting in a decree being rendered on March 15, 1919, dissolving the temporary injunction theretofore issued and dismissing the bill. From this decree complainant prosecutes this appeal.

C. E. O. Timmerman, of Prattville, for appellant.

Counsel discuss assignments of error, but without citation of authority.

---

Guy Rice and Gipson & Booth, all of Prattville, for appellee.

No brief reached the reporter.

GARDNER, J. The bill in this cause sought injunctive relief in aid of a pending ejectment suit. Hamilton v. Brent Lumber Co., 127 Ala. 78, 28 South. 698. Its sufficiency for that purpose was not brought into question.

The record of the ejectment suit was offered in evidence, and appears in the transcript, disclosing that the defendant filed a plea of disclaimer, suggesting to the court that the suit arose over a disputed boundary line. Section 3843, Code 1907. The judgment entry shows issue joined between the parties, testimony heard by the court, and judgment for the defendant on his plea of disclaimer. This was in November, 1916. The record further shows that the sheriff was ordered to establish and mark the dividing line; and to the report—which was confirmed—made in answer thereto, plaintiff filed exception.

It is therefore made to appear that the ejectment suit, in aid of which this bill was filed, has long since been terminated, and, according to the judgment entry in said cause, determined adversely to the complainant here. The testimony offered by complainant, as well as the argument of his counsel on this appeal, tends to impeach the correctness of this judgment in the ejectment suit. Manifestly, however, the complainant is not in position to so impeach the judgment to the end of obtaining a perpetual injunction as sought by this bill; the record disclosing that he has failed to establish his right at law, in aid of which the bill for injunction was filed.

The decree dismissing the bill will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes