179 So. 183

# IRWIN FISHING & HUNTING CLUB v. COBB.

## 5 Div. 266.

Supreme Court of Alabama.

Jan. 27, 1938.

Rehearing Denied Feb. 24, 1938.

Holley & Milner, of Wetumpka, and C. H. Roquemore, of Montgomery, for appellant.

. Huddleston, Jones & Graff, of Wetumpka, for appellee.

FOSTER, Justice.

This is a suit in equity filed by appellant, and seeks to have a disputed boundary settled. The controversy relates to the location of the west boundary line of what is known as Whetstone Lake, owned by complainant, as it is described in a deed to it, and the controversy seems to be controlled by the meaning of the "western bank" of said lake, as used in the deed. The controversy is over a strip of land varying in width from 75 to 200 feet, and extending from the edge of deep water to an embankment 6 to 10 feet high. This flat is often covered with water, and is said to have a growth of water grass and trees. Sometimes this land is dry.

Appellant contends that the western bank extends to the embankment referred to, and appellee contends that the western bank of the lake only extends to the edge of deep water, or the bank of the channel, which the deep water habitually covers.

The lake is formed by Hall's Mill creek entering at the north, and it curves towards the west with an outlet for the waters of the creek at the western end. It is said to be apparently the location of an ancient river.

The lake and grounds are used by appellant as a recreation location for fishing and hunting, and the trees, whose cutting is sought to be enjoined, are situated on the disputed territory; and are alleged to be valuable not only for timber but for ornamentation and as shade trees, and that their loss would cause irreparable damage.

Appellee owns the land to the west. He filed a sworn answer admitting the ownership by appellant of the lake extending to the western bank, which he claims was at or near the deep water edge.

The bill prayed for a decree fixing the boundary between their lands, and for a temporary injunction restraining respondent from cutting or removing any timber on said disputed territory. A temporary injunction was issued before answer filed. Thereupon respondent answered under oath, in which it was not denied that there was then a dispute about said boundary line, and in it he claimed to the edge of the deep water.

Respondent then moved to dissolve the injunction for want of equity in the bill and on the facts alleged in the answer. That motion was heard on evidence consisting of many affidavits, maps, documents, and pleadings, and on a personal inspection of the premises by the judge. He dissolved the injunction, and this appeal is from that decree.

It will be observed that the injunction issued is for the purpose of preserving a status until the disputed question is settled.

■ The bill has equity to settle a disputed boundary line. It is immaterial to the right to invoke such equitable power what acts of ownership have been done by the respective parties, or that it may be a substitute for an action at law to settle the ownership of the strip. Yauger v. Taylor, 218 Ala. 235, 118 So. 271.

■ Many affidavits were submitted by both parties, each claiming that they sustain their respective contentions as to what was meant by the western bank of the lake. But that is the ultimate question to be decided. It should not be decided on a preliminary issue, on ex parte affidavits and other such proof usable on a motion to dissolve a temporary injunction.

■ In that respect it differs from those cases whose equity depends upon the right to an injunction, as to prevent the cutting of timber by an alleged trespasser on land owned and possessed by complainant, Acker v. Green, 216 Ala. 445, 113 So. 411; Tidwell v. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232, or the commission of some other act which disturbs his ownership and possessory rights, and having no other claim to equitable relief, Faught v. Leith, 201 Ala. 452, 78 So. 830; Jenkins v. Steel Cities Chemical Co., 208 Ala. 643, 95 So. 22. When so, and the facts giving the bill equity are denied in a sworn answer, and by affidavits, and the court is of the opinion that a temporary injunction is not necessary to do justice between the parties, it ordinarily refuses to retain the injunction.

■ But the right to an injunction here is based upon the principle that pending a suit in equity or an action at law an injunction will ordinarily be granted and retained to preserve in statu quo the property involved until a final settlement of the right is made. Rice v. Davidson, 206 Ala. 226, 89 So. 600; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; Mobile County v. Knapp, 200 Ala. 114, 75 So. 881; Driver v. New, 175 Ala. 655, 57 So. 437; Goodson v. Stewart, 149 Ala. 106, 42 So. 1019; Chappell v. Roberts, 140 Ala. 324, 37 So. 241; 32 Corpus Juris 125.

We decline to be led into a discussion of the real issue between the parties, except to say that it is evidently one of fact—and to quote from Jenkins v. Cooper, 50 Ala. 419, at page 424, by saying that "in this case, if there were two or more banks on the east [west] side of the creek [lake], it would be for the jury [or judge trying without a jury] to say which was intended as the boundary."

■ Since the trees furnish shade and ornament to the use and enjoyment of the property by complainant, and are only valuable to defendant for commercial purposes, defendant could not sustain irreparable injury, since his possible loss is covered by the bond required and executed by complainant, but the loss to complainant would be irreparable if the trees were cut and it should be found on the trial that complainant owns the land and trees in dispute.

We think the injunction was erroneously dissolved, and a decree is here entered reinstating said injunction to remain in effect until further orders of the court.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.