44 So.2d 750
#### PIERCE v. LEE BROS. FOUNDRY CO., Inc.
#### 7 Div. 21.

Supreme Court of Alabama.
March 2, 1950.

Ross Blackmon, of Anniston, for appellant.

Knox, Jones, Woolf & Merrill, of Anniston, for appellee.

STAKELY, Justice.

Lee Brothers Foundry Company, Inc., a corporation (appellee) filed its bill of complaint against B. W. Pierce, Sr. (appellant) to quiet title to certain real property located in Calhoun County, Alabama. The bill contains the usual allegations of such a bill including the averment that "complainant is the owner and in the peaceable possession" of the lands. During the pendency of the foregoing suit the complainant filed a second suit in equity against B. W. Pierce, Sr., the respondent in the original suit, and also made E. N. Elliott a respondent in the second suit. The purpose of the second suit is to enjoin B. W. Pierce, Sr. and E. N. Elliott as his tenant on nearby lands from trespassing upon the lands involved in the suit to quiet title and to protect or retain in statu quo the lands, the subject matter of the suit to quiet title, pending determination of the first suit by the court.

The court issued a temporary injunction upon application of the complainant. B. W. Pierce, Sr. thereupon made a motion to dissolve the injunction. The motion was set for hearing by the court and the respondents notified. On the hearing the court entered an order overruling the motion to dissolve the injunction. The appeal here is from that decree.

The case was submitted for decree on the motion to dissolve the injunction upon the verified bill, the verified answer and affidavits filed in support of and against the motion. The question for decision is whether on the motion to dissolve the injunction the court has substituted a writ of injunction for an ejectment suit or other possessory action.

We have considered with great care the evidence before the court on the motion to dissolve the injunction. There is no need to state it in detail. Caples v. Young, 206 Ala. 282, 89 So. 460. Suffice it to say that there is no intention on the part of the court to deprive appellant of any of his substantial rights. The injunction was allowed to stand solely to preserve the subject matter of the suit to quiet title in statu quo pending final determination of that suit.

The issue of peaceable possession is an issue to be tried in the suit to quiet title. The affidavits in the present case introduced by the complainant tend to show the complainant in peaceable possession when the suit to quiet title was filed and that subsequent thereto B. W. Pierce and his tenant entered upon and committed trespasses upon the lands. On the contrary the affidavits introduced by B. W. Pierce, Sr. in the present case tend to show his possession of the lands when the suit to quiet title was filed. But the issue of peaceable possession has in nowise been finally determined. In fact final determination of this issue is not to be allowed here. That issue can be settled only when the first case is tried. Furthermore it is not only not necessary for complainant to present a case in this suit which will entitle it to a decree on final hearing of the suit to quiet title, but only that "[it] has a fair question to raise as to the existence of such a right." It is enough that a case is made in this suit "to warrant the preservation of the property rights in issue in statu quo until a hearing upon the merits without expressing or forming a final opinion as to such rights." Rice v. Davidson, 206 Ala. 226, 89 So. 600, 601; Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183. We think the court had the right to grant the temporary injunction. The decree of the court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.