CATHERINE MOORE, Appellant, v. W. D. SCRUGGS and E. L. VALENTINE, Sheriff.

**Advancements:** PRESUMPTION. Where a parent furnishes the purchaser money and takes a conveyance in the name of a child, the rule which presumes an advancement does not apply, in the absence of a showing to the contrary.

**Recovery of real property:** ESTOPPEL. A parent purchasing land and taking the conveyance in the name of a child is not estopped to assert title thereto as against a creditor of the child,

in the absence of a showing that the parent knew of the extention of the credit.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

MONDAY, OCTOBER 22, 1906.

SUIT in equity to enjoin the sale of real estate to satisfy a judgment against a third party. Judgment for the defendants, from which the plaintiff appeals.— *Reversed.*

*Liston McMillen,* for appellant.

*H. H. Sheriff* and *John O. Malcom,* for appellees.

SHERWIN, J.— Catherine Moore, the plaintiff herein, is the mother of Siddie Moore, against whom the defendant W. D. Scruggs obtained a judgment in 1895. In February, 1904, the real estate in question was purchased of one Taylor; the purchase being negotiated by Siddie Moore, who took the title to the land in her own name. In November, 1904, she conveyed the land to her mother, and in January, 1905, levy was made thereon under a general execution issued on the judgment against Siddie Moore. Thereafter this suit was brought to restrain the defendants from selling the land to satisfy said judgment; the plaintiff alleging ownership of the land by purchase from Taylor, and that the title thereto was taken in the name of her daughter without her knowledge or consent. The defendants answered, denying the ownership of the plaintiff, and alleging the ownership of Siddie Moore, and that the conveyance from her to her mother for the purpose of defrauding the defendant Scruggs. An estoppel by conduct is also pleaded by the defendants, based on the allegation that at the time Scruggs extended the credit on which his judgment was founded Catherine Moore permitted him to rely on Siddie Moore's

apparent ownership of other property, and fraudulently remained silent when equity and good conscience would require full disclosure of the true condition of affairs.

Catherine Moore is a widow, whose husband departed this life many years before any of the transactions in question arose. Before his death her husband deeded to her a valuable farm, which she sold some years after his death, receiving therefor a large sum of money. After this sale she negotiated for eighty acres of land known in this record as the " O'Connor farm." The purchase thereof was made, the deed being to Siddie Moore, who held the title for a short time only, and then conveyed to her mother. It is on this transaction that the principal controversy in this case hinges, the appellees contending that the O'Connor land was in fact purchased for Siddie Moore and paid for with her money, while the appellant contends that she bought it and paid for it with a part of the money received for the farm that she had previously sold, and that the title was taken in the name of her daughter for temporary purposes only.

A careful examination of the record convinces us that the appellant's contention is sustained. While there seems to have been some disposition on the part of the daughter to take the title in herself regardless of her mother's wishes, the evidence satisfactorily shows that the mother in fact furnished the money to pay for the land. She had means, and it is conclusively shown that the daughter had nothing of her own. The fact that the daughter had acted as the agent of her mother, and had been permitted to make deposits of her mother's money in her own name, is clearly shown, and accounts for the necessity for her presence when payment for the O'Connor land was made. It is undoubtedly true that the land involved in this suit was paid for with money received from the sale of the O'Connor farm to Mr. Sarvis. Indeed, we do not understand that the appellees contend otherwise; their contention being, as we understand their argument, that the conveyance of the O'Connor land and of

the land in question were advancements made by the plaintiff to her daughter. The trouble with this contention as to the O'Connor land is that the title was afterwards transferred to the mother, and the presumption of an advancement was thereby entirely destroyed.

As to the land in suit, it is conclusively shown that the daughter took the title in herself without the knowledge of her mother, and hence the rule that, where a parent furnishes

1. ADVANCE-MENTS: presumption. the purchase money and takes the conveyance in the name of a child the law, in the absence of a showing to the contrary, presumes an advancement, does not apply. If an agent invest his principal's money in real estate with his knowledge, but takes the title in himself without the consent of his principal, there will be a resulting trust. 1 Perry on Trusts, section 135. The record fails to show any advancement to Siddie Moore. It is well settled that a judgment is a lien only on the interest of the judgment defendant. *Atkinson v. Hancock & Co.,* 67 Iowa, 452; *Welton v. Tizzard,* 15 Iowa, 495; *First National Bank v. Hayzlett,* 40 Iowa, 659.

While it is shown that Mr. Scruggs extended credit to Siddie Moore while she held the title to one forty of the O'Connor eighty, the evidence wholly fails to prove that the

2. RECOVERY OF REAL PROPERTY: estoppel. appellant knew anything of their dealings, or knew that he had obtained a judgment against her daughter until after the land in suit had been conveyed to her by her daughter.

Our conclusion is that the plaintiff is entitled to the relief demanded, and it is so ordered. The judgment is *reversed.*