(128 So. 593)

## SWENDICK v. SWENDICK.

### 6 Div. 553.

Supreme Court of Alabama.
May 31, 1930.

W. P. McCrossin and T. J. Lamar, both of Birmingham, for appellee.

**BROWN, J.**

This bill is filed by the husband against the wife to establish and enforce a resulting trust to the extent of an undivided one-half interest in "Lot thirteen (13), Pettyjohn Subdivision of Block fourteen (14) of J. M. Ware's Subdivision, according to the Map of said Subdivision as recorded in the office of the Probate Judge of Jefferson County, Alabama."

As a predicate for this relief, the bill avers that: "After the Complainant and Respondent were married and had lived together for quite a while the Complainant bought a piece of property or real estate; that subsequently the property so acquired was exchanged for (the lot in question) as a part of the purchase price of the said lot so recently acquired in addition to said real estate given in exchange, there were other, further and large amounts of money required to be paid to the vendor, and all of which was paid by the Complainant." That all moneys that went into both pieces of real estate were furnished by him out of his wages, and "by mistake or inadvertently the title to said real estate was taken in, and is held by the Respondent, when the real intention *was to be that* the property *was to be* treated as community property," etc. (Italics supplied.)

It is well settled that: "Where a person who purchases land in the name of another and pays the consideration money himself, is under a natural or moral obligation to provide for the person in whose name the conveyance is taken, such as the wife or child, no presumption of resulting trust arises, but the transaction will be treated prima facie as an advancement for the benefit of the nominal purchaser. The inference which the law permits to be drawn in this class of cases is based on the common knowledge and experience of mankind in regard to the motive that usually accompanies transactions of this character." 26 R. C. L. 1225, § 71, and authorities cited under notes 8 and 9.

The presumption that an advancement or gift was intended is not however a pre-

Charles W. Greer and George Frey, both of Birmingham, for appellant.

sumption of law, but one of fact, and may be overcome by proof of the real intent of the parties as reflected in the conditions and circumstances attending the transaction. Smithsonian Institution v. Meech, 169 U. S. 398, 18 S. Ct. 396, 42 L. Ed. 793; Wright v. Wright, 242 Ill. 71, 89 N. E. 789, 26 L. R. A. (N. S.) 161; Moore v. Scruggs, 131 Iowa, 692, 109 N. W. 205, 117 Am. St. Rep. 437; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80.

■■ Under our system of procedure, averments are as essential to the establishment of a cause of action in equity as proof, and in such case it is incumbent on one who claims the existence of such trust to establish it ·by clear, positive, and unequivocal averments and clear and satisfactory proof. Smithsonian Institution v. Meech, supra; Bogy v. Roberts, 48 Ark. 17, 2 S. W. 186, 3 Am. St. Rep. 211; Vickers v. Vickers, 133 Ga. 383, 65 S. E. 885, 24 L. R. A. (N. S.) 1043.

■ And whether an advancement was intended, or a trust results, depends on the character of the transaction at its inception. Guin v. Guin, 196 Ala. 221, 72 So. 74; Dudley v. Bosworth, 10 Hump. (Tenn.) 9, 51 Am. Dec. 690.

■ For all that appears from the averments of the bill, the property that was given in exchange for the property sought to be impressed with a resulting trust stood in the name of the respondent, and this was all that was paid at the inception of the transaction, and there is an absence of averment that the purchase and conveyance of the property to the wife was not intended as an advancement. The bill avers, not what the intention of the parties was, but what it was to be.

The demurrer points out some of these defects, and the court erred in overruling it.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.