159 So. 694

### PRIEBE et al. v. FARMERS' UNION WAREHOUSE CO.

7 Div. 270.

Supreme Court of Alabama.

Feb. 28, 1935.

Chas. F. Douglass, of Anniston, for appellants.

John D. Bibb and J. W. Hemphill, both of Anniston, for appellee.

ANDERSON, Chief Justice.

■ ■ The appellee warehouse, when sued in detinue for the cotton, having failed, under the statute, to suggest Ida Priebe, to whom the cotton receipts were issued as owner or claimant of the cotton, must assume the burden here of averring and proving that the plaintiff, who recovered in the detinue action, had a title superior to Ida Priebe's. Farmers' Union Warehouse Co. v. Barnett Bros., 223 Ala. 435, 137 So. 176. We think the present bill of complaint meets this requirement. While it charges that the warehouse receipts were issued to Ida Priebe, it also charges that the cotton in question was grown by McConathy and Hubbard on land rented to them by Amelia Priebe, and that the cotton was the property of Amelia Priebe and not the property of Ida Priebe. The bill also charges that the plaintiff, in the action of detinue, held a mortgage on the cotton given him by Amelia Priebe and McConathy and Hubbard, the tenants of the said Amelia Priebe.

■ ■ We think, however, that the bill of complaint is nothing more than a substitute for an action of detinue, and that the facts set out, as well as the relief sought, disclose a plain and adequate remedy at law. In other words, it charges that Ida and Amelia Priebe still have possession of the cotton receipts and simply seeks a transfer of same to this complainant. It is well settled that a court of equity has no jurisdiction to take property from the possession of one party and put it in the possession of another. Yellow Pine Export Co. v. Sutherland-Innis Co., 141 Ala. 664, 37 So. 922; Mobile County et al. v. Knapp, 200 Ala. 114, 75 So. 881; Woodstock Operating Corp'n v. Quinn, 201 Ala. 681, 79 So. 253.

If the respondents are in possession of the receipts as averred, the complainant should recover same in an action of detinue, and, if

not in possession, we do not see how a court of equity can require a surrender of same to the complainant or prevent a transfer or disposition of same.

The trial court erred in not sustaining the respondents' demurrer to the bill, and the decree is reversed, and one is here rendered sustaining same, and the cause is remanded.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.