82 So.2d 531

**C. H. ADAMS et al.**

v.

**Charles WOODS.**

**4 Div. 773.**

Supreme Court of Alabama.

Sept. 22, 1955.

L. A. Farmer, Dothan, for appellants.

Huey D. McInish and Alto V. Lee, III, Dothan, for appellee.

MAYFIELD, Justice.

This is an appeal from a decree overruling demurrers to a bill of complaint filed in the Circuit Court of Houston County, in equity.

According to the allegations of the bill of complaint, as last amended, the complainant-appellee agreed with the respondent-appellant, C. H. Adams, individually, and as agent for three other members of the Adams' family, to purchase a tract of land subject to a reservation of one-half of the mineral rights thereof. The lands were conveyed to the complainant by the respondents who reserved one-half of the mineral rights. A description of the lands was later corrected by another deed which contained the same reservation as to the mineral rights.

The heart and merit of the bill of complaint revolves around the allegation that the respondent Adams, through fraud or intention to mislead, represented to the complainant that one-half of the mineral rights in the land was owned by one Irma Hawkins, a person not a party to this suit. Complainant further alleged that Adams et al. had agreed to transfer *all of their* right, title and interest to the complainant. Further, that the respondent, Adams, recorded the deed in the office of the Judge of Probate, and the complainant did not know that one-half of the mineral rights were reserved to the grantors, rather than to Irma Hawkins, until after he had paid the consideration and received the recorded deed from the respondents. It is alleged that the complainant made numerous demands upon the respondents to transfer *all* of the respondents' "right, title and interest" to the land in accordance with the terms of their agreement.

The bill of complaint, as last amended, also alleged that complainant is in actual peaceable possession of the land; that the respondents deny or dispute the fee simple ownership thereof by complainant; and claim a one-half interest in the mineral rights or some interest therein; and that no suit is pending to enforce or test the validity of such title or claim. The bill alleges that the reservation of one-half of the mineral rights in the respondents constitutes a cloud on the title. The prayer of the bill of complaint prays: (1) title to said lands be quieted, (2) that any provision of any instrument by virtue of which respondents claim title to one-half of the mineral rights be cancelled, (3) that an order be made and entered revising the conveyance between the parties so as to vest fee simple title in the complainant, and (4) for general relief.

Respondents' demurrers were addressed to the bill as a whole and to each aspect thereof. We treat the bill as being in two aspects, pretermitting any objectionable features of the bill, if so, not challenged on this appeal. The learned chancellor's decree overruled the demurrers without ruling on the demurrer as to the separate aspects of the bill. We have previously held that the effect of such a ruling is that of a ruling only on the demurrer to the bill as a whole, and the decree is due to be affirmed on appeal, if either aspect is good. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749.

The first aspect of the bill which we consider relates to the cancellation of the reservation of the mineral rights and a revision of the recorded deed. The false representation charged against C. H. Adams is that he stated that one-half of the mineral rights belong to Mrs. Irma Hawkins, when, in truth and fact, this one-half of the mineral rights actually belong to the respondents. It is clear from the bill of complaint that the appellee, Woods, never at any time contracted for, paid for, or expected to receive any interest in the land other than the surface rights plus one-half of the mineral. It is alleged that Adams et al. represented that they would convey *all* of their right, title and interest, which was owned by them. It does not appear, however, that complainant was misled or misinformed as to the extent of the interest that was actually to be conveyed. Indeed, the contrary is apparent. By the deed, the complainant received title to the land less one-half of the mineral rights thereof. The averments of the bill reveal that this

is exactly what the complainant was due to receive under the agreement between the parties.

The misrepresentation, if any, which the complaint alleges is that the respondents would convey *all* of their interest to the land, but it affirmatively appears that the complainant below was not due to receive any interest other than that which was actually conveyed.

The subject matter of the instant suit is the one-half of the mineral rights which the grantors reserved to themselves by deed. The complainant seeks to have it determined that the respondents have no right, title or interest in such mineral rights and seek to have the conveyance revised vesting a fee simple title in the complainant. It is, of course, well settled in this state that equity may reform a contract or conveyance so as to make it conform to the intention of the parties, if its execution was the result of the mistake of one of the parties and fraud on the part of the other party. Holmes v. Riley, 240 Ala. 96, 196 So. 888. In such case the reformation is only for the purpose of making the instrument speak the true intent of the parties. McCay v. Jenkins, 244 Ala. 650, 15 So.2d 409, 149 A.L.R. 746. In the present case, however, the allegations of the bill do not show that complainant was fraudulently misled as to the interest which was to be conveyed and which he received by deed. It is also clear that equity will not reform such an instrument so as to make a contract to which the parties did not agree. Atlas Assur. Co., Limited, of London, England v. Byrne, 235 Ala. 281, 178 So. 451; McCay v. Jenkins, supra.

It follows that this aspect of the bill is fatally defective and must fall on demurrer.

We now consider that aspect of the bill concerning complainant's right to quiet title. It is clear that the maintenance of such a suit is dependent on peaceable possession. Code of 1940, Title 7, Section 1109; Holland v. Coleman, 162 Ala. 462, 50 So. 128; Lyon v. Arndt, 142 Ala. 486, 38 So. 242; Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Screws v. Heard, 217 Ala. 14, 114 So. 360. Further, it is essential to the equity of the bill, that it contained averments that complainant is in possession of the particular interest, the title to which complainant seeks to quiet, whether the interest be mineral or surface rights. Federal Land Bank of New Orleans v. Vinson, 246 Ala. 95, 18 So.2d 865.

In his bill complainant-appellee, Woods, alleges that he is in actual and peaceable possession of "said real estate". In view of the preceding portions of the bill this allegation must be construed to mean that complainant was in actual and peaceable possession of the land conveyed by the deed in question. We have held that the possession of the surface right to land, where there has been a severance in the title of the mineral interest is not possession of the mineral right. Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466. The allegations in complainant's bill go beyond those contemplated by the statute, Code of 1940, Tit. 7, Sections 1109, 1110, and it appears from the face of the bill that there has been a severance of the disputed one-half mineral interest. Construing this allegation most strongly against the pleader, this aspect is without equity in that it fails to specifically allege peaceable possession of the disputed mineral interest. See Federal Land Bank of New Orleans v. Vinson, supra.

This point is raised by general demurrer only. The defect, however, goes to the substance of the bill and the general demurrer is sufficient. White v. Cotner, 170 Ala. 324, 54 So. 114.

The decree of the court below is accordingly reversed, and a decree here rendered sustaining demurrers to the bill, as amended. Complainant is given 20 days in which to amend his bill.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.