83 So.2d 796

**Odia BOSTIC et al.**

v.

**Willard BRYAN, Executor, et al.**

**4 Div. 744.**

Supreme Court of Alabama.

Nov. 28, 1955.

674

Chas. R. Paul and Jas. W. Kelly, Geneva, and A. A. Smith, Hartford, for appellants.

E. C. Boswell and Jas. A. Mulkey, Geneva, for appellees.

GOODWYN, Justice.

This is an appeal from a decree of the Circuit Court of Geneva County, in Equity, overruling demurrer to a bill of complaint to have a resulting trust in land decreed in favor of complainants, appellees here.

In substance, the case made by the bill is as follows: That complainant Ellen McGowan and her husband, William Joseph McGowan, now deceased, were, on and prior to May 19, 1951, renting and living on the property here involved; that on said date the said McGowans entered into a verbal agreement with respondents, Odia Bostic and Porter Bostic, whereby the respondents "agreed to take care of, look after, provide food, medicine, medical attention, nurses and nursing and all other necessities" of the McGowans "as long as they or either of them lived"; that "in consideration thereof the said William Joseph McGowan agreed that he would purchase the house and lots herein described from Phelan Howell at and for the sum of $1166.00 and agreed with" respondents that, "in consideration of their providing said necessities to the McGowans as long as they or either of them lived", the "said Odia Bostic would become the owner of the house and lots" upon the death of both of the McGowans; that "pursuant to said agreement the said William Joseph McGowan gave to Porter Bostic, husband of Odia Bostic, his check on" a bank "for the amount of the purchase price of said house and lots, to-wit: $1166.00, which check was paid by" the bank "on the 28th day of May, 1951"; that "the purchase price was paid to the said Phelan Howell who, joined by his wife, Myrtice Howell, executed a deed of conveyance [copy attached to the bill as an exhibit] to said house and lots but that Odia Bostic was named grantee in said deed of conveyance and the legal title to said house and lots was taken in her name, *without the knowledge or consent of the said William Joseph McGowan*; that "said William Joseph McGowan and his wife, Ellen McGowan, remained in possession of the house and lots, claiming the same as his property and using it as a home for himself" and his wife "continuously up to the time of his death [December 14, 1951], and that complainant, Ellen McGowan, is still in the possession thereof, using the same as a home for herself"; that "pursuant to said verbal agreement between" the McGowans and respondents "the said William Joseph McGowan delivered the purchase price of said house and lots to Porter Bostic, husband of Odia Bostic, and the said Porter Bostic paid to the said Phelan Howell the said purchase price so delivered to him by William Joseph McGowan and had the deed of conveyance to said house and lots made to Odia Bostic as grantee"; that respondents "failed to comply with the terms of the verbal agreement" and that "the title to the house and lots * * * was in William Joseph McGowan at the time of his death or that he was the beneficial owner thereof, and that the same is due to be administered by the executor of his last will and testament as therein set forth"; that "Odia Bostic was the trustee of William Joseph McGowan and holding the title to the house and lots * * * in trust for the benefit of said William Joseph McGowan and Ellen McGowan".

A copy of the will of William Joseph McGowan, probated on January 30, 1952,

is attached to the bill as an exhibit. It contains the following pertinent provisions:

"Second. I give, bequeath and devise to my wife, Ellen McGowan, the use and income of all my property during her lifetime. If necessary for the support and maintenance of my wife during her lifetime, I hearby authorize my Executor hereinafter named to sell any part of my property for such purpose.

\* \* \* \* \* \*

"Fourth. It is my will that the residue of my estate descend to my heirs according to the Laws of the State of Alabama governing the descent and distribution of property of one dying intestate.

"Lastly, I make, constitute and appoint Willard Bryan of Bellwood, Alabama, to be Executor without bond of this, my last Will and Testament, hereby revoking all former Wills by me made."

The trial court considered the bill as one for a resulting trust and held it sufficient for that purpose.

■ A resulting trust arises from a presumption of fact expressive of the supposed intention of the parties that the title to land voluntarily taken in the name of another is held for the benefit of the one who furnishes the purchase price. The title is thus taken in the other by the complaining party himself, or it is with his consent. Adams v. Griffin, 253 Ala. 371, 45 So.2d 22; Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19 So. 2d 538; Rose v. Gibson, 71 Ala. 35. If the circumstances show that the one furnishing the money intended that the grantee named in the deed should be the owner of the land, that would rebut the presumption and no resulting trust would arise. Lynch v. Partin, 250 Ala. 241, 34 So.2d 2, and cases supra.

■■ If there is a consideration for the conveyance to the grantee, emanating from him, that would conflict with an intention for him to hold it in trust for the one furnishing the purchase money. His sole remedy under those circumstances is to enforce the undertaking of the grantee which is the consideration for the conveyance to him. There is no vendor's lien to secure the performance of an undertaking to support the grantor. Burroughs v. Burroughs, 164 Ala. 329, 50 So. 1025, 28 L.R.A.,N.S., 607, 137 Am.St.Rep. 59, 20 Ann.Cas. 926.

■ There is no resulting trust here shown for it does not arise when the title is taken in another without the consent of the one who furnishes the purchase money and who is claiming the benefit of a trust.

■ But there would be a constructive trust where one furnishes money to another with instructions to buy land and take the title in him who furnishes the money, but, in violation of the duty imposed upon him, he wrongfully takes the title in the name of another. Talley v. Talley, 248 Ala. 84, 26 So.2d 586; Sanford v. Hamner, 115 Ala. 406, 414, 22 So. 117.

The substance of the bill is that William Joseph McGowan furnished to Porter Bostic an amount of money necessary to buy the land in question, with the agreement that upon the death of both himself and wife the land would belong to Odia Bostic, wife of Porter Bostic, in consideration of her promise to take care of, look after, provide food, medicine, medical attention, nurses and nursing and all the other necessities of both McGowans as long as they, or either of them, shall live.

■ The bill does not allege distinctly that Porter Bostic was expressly instructed to take the title in the name of McGowan, but that is its implication. However, the allegations of the bill of complaint should be clear, positive and unequivocal. Swendick v. Swendick, 221 Ala. 337, 128 So. 593. There are two grounds of the demurrer which point out that defect in the bill.

■ While the bill alleges that the deed was made to Odia Bostic without the con-

sent of William Joseph McGowan, it does not allege that in causing this to be done Porter Bostic violated instructions to have the deed taken in the name of McGowan. So that, the allegations are not sufficiently clear and unequivocal to show that in putting the title in Odia Bostic, Porter Bostic violated his instruction to put said title in the name of William Joseph McGowan. Grounds 17 and 18 of the demurrer point out that defect.

We think there is a clear implication in the bill that the instructions to Porter Bostic were to have the deed made to William Joseph McGowan. Applying that construction to the bill, it shows that thereby Porter Bostic became a trustee of that fund, or agent of McGowan, with a specified duty in respect to it; that he violated that duty and had the deed made to his wife, Odia Bostic, and not to William Joseph McGowan. Such a course of conduct would be a constructive fraud at least and would be sufficient to justify the court in declaring a constructive trust in the land for the benefit of William Joseph McGowan—Talley v. Talley, supra; Sanford v. Hamner, supra, 115 Ala. at page 416, 22 So. 117, which descended to his successors at his death. But, as observed above, the allegations of the bill should be clear, positive and unequivocal. A bill is not sufficient, on demurrer, if it shows, by implication only, conduct giving rise to a constructive trust.

Odia Bostic, in whose name the title was taken, is not in the position of an innocent purchaser. Her equitable status is the same as though the deed had been taken in the name of Porter Bostic and by him conveyed to her. We think the technical term to be applied to the relief sought is a constructive trust, rather than a resulting trust.

The decree is due to be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.