86 So.2d 820

Maymie L. LONGLEY

v.

Roy PATTON, Jr.

6 Div. 843.

Supreme Court of Alabama.

April 12, 1956.

**236**

Dan P. Barber, Birmingham, and John A. Altman, Carrollton, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Pickens County, in equity, declaring in favor of appellee, complainant below, a lien on certain lands located in said county.

As last amended, the bill of complaint sought to have declared in favor of complainant a trust on the lands or, in the alternative, that a lien be impressed thereon in his favor. The basis for such relief is the alleged furnishing by complainant of $3,375 towards the purchase price of the lands. The bill also contains an offer to do equity and a prayer for general relief.

■ The evidence was taken orally before the trial court. Such being the case, that court's conclusions of fact will not be here disturbed unless palpably erroneous. Penny v. Penny, 247 Ala. 434, 437, 24 So.2d 912; Singley v. Land, 244 Ala. 692, 694, 15 So.2d 564. In the light of this rule, we think it is sufficiently established by the evidence, as found by the trial court, that complainant turned over to one Creed Lawson, on September 27, 1951, the sum of $3,375 to be used by the said Lawson as a part of the purchase price of the lands here involved, with the understanding that the title to the property was to be taken in their joint names, each to have an undivided one-half interest therein. Instead of complainant and Lawson both being included in the deed as grantees, Lawson was made the sole grantee. It further appears that Lawson made a part payment of about $10,000 on the total purchase price approximating $31,000, the balance being secured by a mortgage on the lands executed by him alone. Lawson died on January 18, 1952. Appellant was appointed by the probate court of Jefferson County as executrix of Lawson's will, she being named therein as executrix and as sole devisee of the lands here involved.

The trial court refused to decree a trust on the lands in favor of complainant but did give to him a lien on the lands, subject to the purchase money mortgage, to secure the money which he furnished. The decree also provided for a sale of the property to satisfy the lien, unless respondent should pay into court, within thirty days from the date of the decree, a sum sufficient to satisfy the lien.

The position taken here by appellant (respondent) is that the trial court erred in decreeing a lien in favor of appellee (complainant). Appellee cross-assigns error, insisting that a trust on the lands should have been decreed in his favor.

■ It is our conclusion that complainant (appellee) is entitled to have a constructive trust on the lands decreed in his favor and that the trial court erred in not granting such relief.

■ If A places money in the hands of B with instructions to purchase or pay for land and take the title in the name of A, but, in violation of the duty imposed upon him, B takes the title in his own name, A may enforce in equity a constructive trust upon the land. Bostic v. Bryan, 263 Ala. 673, 83 So.2d 796; Talley v. Talley, 248 Ala. 84, 26 So.2d 586; Butts v. Cooper, 152 Ala. 375, 385, 44 So. 616; Sanford v. Hamner, 115 Ala. 406, 414, 22 So. 117; Pomeroy's Equity Jurisprudence, Vol. 1, § 155, pp. 210, 211; Pomeroy's Specific Performance of Contracts, 3rd Ed., § 144, pp. 374–376; Bogert, The Law of Trusts and Trustees, Vol. 3, § 471, p. 3; Perry on

Trusts and Trustees, 7th Ed., Vol. 1, § 166, pp. 266, 267; Restatement, The Law of Restitution, Chap. 9, § 160, pp. 641–644; Restatement, The Law of Trusts, Topic 4, pp. 1341–1343.

If the money furnished by A was to pay half of the consideration with the title to be taken in the name of them both, but B causes the title to be taken in his own name alone to defraud A, A can enforce a constructive trust, not to secure a repayment of the money advanced, but to obtain title to the half interest. It may be that all of the purchase price was not paid in the transaction. In that event, A must do equity. Authorities, supra.

It is thus stated in Pomeroy's Equity Jurisprudence, § 155, supra:

" * * * If one party obtains the legal title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner * * *. Courts of equity, by thus extending the fundamental principle of trusts—that is, the principle of a division between the legal estate in one and the equitable estate in another—to cases of actual or constructive fraud and breaches of good faith, are enabled to wield a remedial power of tremendous efficacy in protecting the rights of property."

From Bogert, The Law of Trusts and Trustees, Vol. 3, §§ 471, 472, supra, is the following:

(§ 471) "The constructive trust may be defined as the device used by chancery to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. When a court of equity finds that a defendant is the holder of a property interest which he retains by reason of unjust, unconscionable, or unlawful means, it naturally desires to take such interest from the defendant and vest it in the wronged party. This it might do by merely making a decree that the defendant convey to the complainant. But the court must take account not only of the original situation, but also of all the events which have occurred since the defendant began to hold inequitably.

\* \* \* \* \* \*

" 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief.' * * *"

(§ 472) "A complainant seeking the establishment of a constructive trust is naturally subject to the ordinary rules of equity that he must come into court with clean hands and that he must do equity if he is to obtain equity. * * * And the complainant frequently is obliged to reimburse the defendant for expenditures which he has made with relation to the property, as a condition precedent to obtaining a constructive trust and a decree for conveyance. * * *"

"The decree which establishes the constructive trust usually recites that the defendant is declared to be a constructive trustee of the res for the complainant and is directed to convey the res to the complainant. If, as is often the case, the defendant has received income or other benefits from the property since the date of his wrongful acquisition of it, and has made expenditures on account of the property, the benefit of which will inure to the complainant, the court will

decree an accounting, so that the defendant may receive the appropriate debits and credits. \* \* \* Where it is equitable that the complainant make payments to the defendant or do other acts for his benefit before the complainant gets title, the order that the defendant convey will be conditional on the performance of such acts by the complainant. \* \* \*"

We quote the following from Perry on Trusts and Trustees, 7th Ed., Vol. 1, § 166, supra:

"\* \* \* If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition, or fraud, or if he obtains it by virtue of a confidential relation and influence under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances or relations, and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title, and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society. Such trusts are called *constructive* trusts. They differ from other trusts in that they are not within the intention or contemplation of the parties at the time the contract is made from which they are construed by the court, but they are thrust upon a party contrary to his intention and against his consent. The reason is that courts of equity have a large jurisdiction over all matters of trust and confidence. \* \* \*"

From Restatement, The Law of Restitution, Chap. 9, § 160, supra, is the following:

"a. *Constructive trust and express trust.* \* \* \* A constructive trust does not, like an express trust, arise because of a manifestation of an intention to create it, but it is imposed as a remedy to prevent unjust enrichment. A constructive trust, unlike an express trust, is not a fiduciary relation, although the circumstances which give rise to a constructive trust may or may not involve a fiduciary relation.

"\* \* \* A constructive trust differs from an express trust in much the same way as a quasi-contractual obligation differs from a contractual obligation. On the other hand, a quasi-contractual obligation and a constructive trust closely resemble each other, the chief difference being that the plaintiff in bringing an action to enforce a quasi-contractual obligation seeks to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money, whereas the plaintiff in bringing a suit to enforce a constructive trust seeks to recover specific property. \* \* \*

\* \* \* \* \* \*

"b. *Constructive trust and resulting trust.* \* \* \* A resulting trust arises where a transfer of property is made under circumstances which raise an inference that the person making the transfer or causing it to be made did not intend the transferee to have the beneficial interest in the property transferred. A constructive trust is imposed not because of the intention of the parties but because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property. \* \* \*

"c. *Unjust enrichment.* A constructive trust is imposed upon a person in order to prevent his unjust enrichment. To prevent such unjust enrichment an equitable duty to convey the property to another is imposed upon him. \* \*"

The distinction between a constructive trust and a resulting trust in favor of one who furnishes the purchase money for property is thus made in Restatement, The Law of Trusts, Topic 4, pp. 1341, 1342, 1343, supra:

A resulting trust arises "where the person who furnishes the purchase price for property uses or consents to the use of his money in purchasing property and consents to a transfer of the property by the vendor to another. A constructive trust, however will arise (1) where a person's money without his consent is used by another in purchasing property; (2) where a person's money with his consent is used by another in purchasing property, but he does not consent that the title to the property shall be taken in the name of another. In both of these cases a constructive trust arises, and the person whose money is so used can compel a conveyance to him of the property so purchased."

Pointing up the distinction are the following examples given on p. 1342 and comment on p. 1343:

"A pays money to B and directs B to purchase the land with the money and to take title in B's name and B does so. B holds upon a resulting trust for A."

"B uses A's money without his consent in purchasing the land. B holds upon a constructive trust for A."

"A pays money to B and directs B to purchase the land with the money and to take title in A's name, but B wrongfully takes the title in his own name. B holds upon a constructive trust for A."

With respect to the resulting trust it is said to be "based on the inference that although A consented to the transaction, he did not intend that B should have a beneficial interest in the land". As to the constructive trust it is said that such a trust is "imposed on B, not in order to carry out A's intention, but because B would be unjustly enriched if he were permitted to retain the land."

The decree is due to be reversed and the cause remanded for further proceedings in accord with this opinion. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.