87 So.2d 629

### Geraldine Gans HAAVIK et al.

### v.

### Perry FARNELL.

1 Div. 660.

Supreme Court of Alabama.

May 24, 1956.

D. R. Coley, Jr., and Jos. M. Hocklander, Mobile, for appellee.

W. C. Taylor, Mobile, for appellants.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill in equity which was filed in the circuit court of Mobile County, in equity, on January 6, 1955, by Perry

Farnell against his former wife, Geraldine Gans Haavik, and her sister, Gwendolyn Elwell.

Complainant seeks a decree investing title in him to Lots 20 and 21 in Cottage Hill Gardens, Mobile County, paper title to which is now in the respondent Elwell under conveyances from the respondent Haavik who, according to complainant, held title in trust for him, which fact, according to the averments of the bill, was well known to the respondent Elwell at the time she secured the conveyances referred to above. In regard to numerous items of personal property described in the bill and alleged to be in the possession of the respondent Haavik, the complainant prays the court to decree that the title thereto is vested in complainant and to order the respondent Haavik to deliver such property to complainant and that "in the event said property or any part thereof, has been sold or disposed of by the said Respondent, that a judgment be entered in his behalf and against her for the value thereof and for the conversion of said property."

The respondents addressed numerous grounds of demurrer to the bill as a whole and a number of grounds were addressed "to that aspect of the bill * * * seeking a resulting trust." In so far as Lot 21 is concerned the averments of the bill show that complainant seeks relief on the theory of a resulting trust inasmuch as it is averred that although the complainant paid all of the purchase price for the lot that he permitted the title to be taken in the name of Geraldine Gans Farnell who, as shown above, is the same person as the respondent Geraldine Gans Haavik. We have said that a resulting trust arises from a presumption of fact expressive of the supposed intention of the parties that the title to the land voluntarily taken in the name of another is held for the benefit of the one who furnishes the purchase price. The title is thus taken in the other by the complaining party himself or it is with his consent. Adams v. Griffin, 253 Ala. 371, 45 So.2d 22; Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19

So.2d 538; Rose v. Gibson, 71 Ala. 35. But following the rule that pleadings must be construed most strongly against the pleader, the bill in the present shape is susceptible of the construction that the deed to Lot 21 was acquired prior to the divorce at a time when the complainant and the respondent were still living together as man and wife. In view of this relationship no presumption of resulting trust arises and the burden was on complainant to allege that Lot 21 was not a gift by him to his then wife. Swendick v. Swendick, 221 Ala. 337, 128 So. 593. In regard to Lot 21 the complainant does aver that he permitted the title to be taken in the name of his then wife "believing that the title to the lot would be held by her in trust for him." Such an averment does not overcome the presumption of a gift. Adair v. Adair, 258 Ala. 293, 62 So.2d 437. Ground 32 addressed to the aspect of the bill seeking a resulting trust takes the point that from aught appearing it was a gift on the part of complainant to the respondent Haavik. Aside from the fact that Ground 32 is not sufficiently referred to in brief filed here on behalf of appellants as to justify our consideration, we cannot consider that ground or any other ground of the demurrer addressed to the aspect of the bill seeking a resulting trust for the reason that the trial court overruled the demurrer generally, without referring to the demurrer or grounds thereof addressed to the aspect. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, and our recent decisions following that holding, the effect of such a decree is a ruling on the demurrer to the bill as a whole, and hence only grounds going to the bill as a whole which are adequately argued in brief filed here on behalf of an appellant will be considered by us. See Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751; Williamson v. Burks, 262 Ala. 422, 79 So. 2d 42; Davis v. Davis, 263 Ala. 42, 81 So. 2d 314; Adams v. Woods, 263 Ala. 381, 82 So.2d 531; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So. 2d 299; McCary v. Crumpton, 263 Ala. 576, 83 So.2d 309.

The averments of the bill as they relate to the acquisition of the deed to Lot 20 are substantially as follows: Complainant paid the sum of $75 to the owner of the lot as earnest money. The respondent Haavik, then the wife of complainant, had in her possession money and funds belonging to complainant, which the complainant directed her to use "to pay the balance of the purchase price on said lot and to pay it over to the owner of said lot and secure the deed." It does not appear whether the complainant directed his then wife to take title in his name, in her name, or whether he gave her any instructions in that respect, but it is alleged "that she fraudulently caused her name, Geraldine Gans Farnell, to be inserted in the deed as the grantee." There is no express averment to the effect that the wife used the funds of complainant as directed by him, but it is alleged: "He further shows that the full consideration for said property and for the improvements thereon was paid by him and with his funds." Neither the name of the owner nor the cost of the lot is averred.

In brief filed here on behalf of appellants, we gather that counsel has construed the averments just summarized above as showing that as to Lot 20 the complainant seeks to have the court declare a resulting trust in his favor. In brief filed here on behalf of appellee we are unable to determine the theory on which complainant was proceeding, but those averments do not show a resulting trust. A resulting trust is not shown when the title is taken in another without the consent of the one who furnishes the purchase money and who is claiming the benefit of the trust. Bostic v. Bryan, 263 Ala. 673, 83 So.2d 796; Knowles v. Canant, 255 Ala. 331, 51 So.2d 355; Longley v. Patton, Ala., 86 So.2d 820.[1] We think the averments pertaining to Lot 20 tend to show a constructive trust, since it is alleged that the wife fraudulently caused her name to be inserted in the conveyance as grantee. Bostic v. Bryan, supra.

As shown above, no grounds of demurrer were addressed to the aspect seeking to have the court declare a constructive trust in favor of complainant as to Lot 20 and no ground of demurrer addressed to the bill as a whole which is argued in brief filed here on behalf of appellant presents for our consideration the question as to whether or not the averments of the bill relating to Lot 20 which we have summarized above would be good as against apt demurrer.

No mention is made in brief filed here on behalf of either party of that aspect of the bill which seeks relief as to personal property. However, we think it not inappropriate to express our views in regard to that aspect which we consider to be nothing more than a substitute for an action in detinue. Under the facts set out, as well as the relief sought, we think a plain and adequate remedy at law is disclosed relative to the personal property. Priebe v. Farmers' Union Warehouse Co., 230 Ala. 73, 159 So. 694.

One of the principal arguments made in brief filed here on behalf of appellants is that the trial court erred to a reversal in overruling those grounds of the demurrer addressed to the bill as a whole which are to the effect that the bill shows on its face that the right or claim of complainant is barred by the statute of limitations of one year as provided in § 42, Title 7, Code 1940, which reads:

"In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

The provisions just quoted when applicable serve as an additional period, not a limitation. Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Smith v. Smith, 243 Ala. 488, 10 So.2d 664.

Section 42, Title 7, is not here controlling. Our cases are clear to the effect

---

1. Ante, p. 235.

**330**

that in seeking to have the court declare a resulting trust or a constructive trust in land when the grantee, as here, is in possession the statute of limitations is ten years as in the nature of a suit for the recovery of land, since land is the subject matter of the suit. Knowles v. Canant, supra, and cases cited; Williams v. Kitchens, 261 Ala. 340, 74 So.2d 457; Sykes v. Sykes, 262 Ala. 277, 78 So.2d 273; Henslee v. Merritt, 263 Ala. 266, 82 So.2d 212.

The limitation for the recovery of personalty is six years. § 21, Title 7, Code 1940; Van Antwerp v. Van Antwerp, supra.

■ The trial court did not err in overruling the fifth ground of the demurrer which is to the effect that the averments of the third paragraph of the bill are vague, indefinite and uncertain because it is not alleged therein from whom plaintiff purchased Lot 20. As far as we are able to ascertain, the name of the seller of that lot is entirely immaterial to the issues involved in this case.

We are constrained to say that the bill of complaint in its statements as to the equity or equities upon which complainant relies for relief is not as clear and complete as good pleading would seem to suggest or require. But we are here reviewing only those grounds of demurrer addressed to the bill as a whole which have been adequately argued in brief filed here on behalf of appellants and after a careful study we are clear to the conclusion that none of those grounds were well taken. It follows, therefore, that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.