120 So.2d 633 (1960)
C.B. PHELPS, Appellant,
v.
Lewis C. HIGGINS and Leota C. Higgins, Sometimes Known As Leota I. Higgins, His Wife, Appellees.
No. 1600.
District Court of Appeal of Florida. Second District.
May 18, 1960.
*634 Daniel J. LeFevre, Warrick, Cargill & LeFevre, Winter Park, for appellant.
Gladstone L. Kohloss, Orlando, for appellees.
STEPHENSON, GUNTER, Associate Judge.
C.B. Phelps, plaintiff in the lower court, brings this interlocutory appeal complaining of an order of the trial court transferring his cause of action to the law side of the court.
Plaintiff filed a complaint in chancery alleging that he and the defendants entered into an oral contract to jointly purchase and jointly own a residence located in Winter Park, Orange County, Florida; that pursuant to said verbal agreement the plaintiff furnished $3,500 to the defendant Leota C. Higgins as the plaintiff's share of the down payment; that contrary to said oral agreement the defendant Leota Higgins took title to said property in her own name and though often requested by the plaintiff, said defendants have jointly and severally refused to convey to plaintiff his alleged undivided one-half interest.
Further the complaint reveals that in addition to the $3,500 above mentioned plaintiff alleges that he has paid an additional $600 to be applied on the above described residences.
The plaintiff requested the establishment of an equitable lien for his interest or in the alternative that the property be sold.
The defendants-appellees filed a motion to dismiss based solely on the ground "that the complaint failed to state a cause of action upon which relief may be granted." Said motion was duly noticed for hearing and after argument of counsel the Court entered the following order:
"This cause coming on to be heard on Motion to Dismiss and upon argument of counsel, and the Court being of the opinion that the plaintiff had adequate remedy at law, it is therefore Ordered, Adjudged and Decreed that the Motion to Dismiss is hereby denied and that this cause be and it is hereby transferred to the law side of the Court. Done And Ordered * * *."
Appellant contends among other things that that portion of the order denying appellees' motion to dismiss is in direct conflict with that portion of said order directing the cause to be transferred to the law side of the court. It appears to us that the order denying the motion to dismiss cannot be reconciled with the order directing the transfer. Denying the motion to dismiss is in effect holding the complaint stated a cause of action upon which relief could be granted. Appellant further contends that he was entitled to amend the complaint, if in fact it did not state a cause of action before the court could enter an order to transfer.
Although the record here does not reflect a motion to transfer, we think this cause is controlled by the language of Chief Justice Drew in the case of Kingston v. Quimby, Fla., 80 So.2d 455, 457, and speaking for the Court he stated:
"The motion to transfer made by petitioner set out as a ground that the respondent had an adequate remedy at law. We have interpreted the court's denial of the motion as being made after a consideration of this ground. We point out, however, that before a cause is transferred to the law side of a court it should clearly appear in the record after appropriate motion that the court has ruled that no cause of action in equity is stated and that plaintiff has had adequate opportunity to amend to meet objections if he can do so. Only when such a proper predicate has been laid is a cause properly subject to transfer to the law side of the court." (Emphasis supplied.)
Appellees in their brief are in agreement that the complaint should not have *635 been transferred to the law side in its present state. However, appellees by cross-assignment contend the trial court erred in denying their motion to dismiss.
An equitable lien is not an estate or property in the land itself nor a possessory right of any kind. It is a charge or encumbrance upon the land "so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists." Davidson v. S.S. Jacobs Company, Fla. 1957, 93 So.2d 731; Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 129, 43 A.L.R. 1409. Equitable liens may arise, by operation of law from the conduct of the parties, from a variety of transactions to which equity will cause them to attach. Dewing v. Davis, Fla.App. 1960, 117 So.2d 747.
It is observed that in the leading case of Jones v. Carpenter, supra, the remedy through which the receiver of the corporation whose funds had been fraudulently misused by an officer therein in the improvement of his own property recovered the misappropriated corporate funds was by the assertion of an equitable lien against the property so improved; there was no claim that the defendant held the land as constructive trustee for the corporation, which is the basis of many decisions on factual situations similar in nature to those in Jones v. Carpenter, supra, and to those in the instant case. See Annotation 43 A.L.R. 1415, 1441.
In Chlebek et al. v. Mikrut et al., 336 Mich. 414, 58 N.W.2d 125, the plaintiffs filed a bill in equity to enjoin the defendants from disposing of certain realty in which plaintiffs claimed an interest by virtue of having paid part of the down payment, and other substantial payments, under a promise that title would be taken in both the plaintiffs and the defendants. The lower court ordered the case transferred to the law side of the court, and the plaintiffs appealed. The Supreme Court of Michigan held that the bill alleged facts sufficient to show an equitable cause of action and remanded the case to the lower court. In so holding the court pointed out that if one party obtains the legal title to property, not only by fraud, or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs in whole or in part to another, equity will carry out its theory of double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of one who is in good conscience entitled to it and who is considered in equity as the beneficial owner.
Similarly, in Longley v. Patton, 1956, 264 Ala. 235, 86 So.2d 820, the plaintiff had advanced $3,375 toward the purchase of certain lands with one, Lawson, who promised to take title to the lands in their joint names but Lawson took title to the lands in his own name. Lawson died and the plaintiff brought suit against the decedent's executrix to establish trust or a lien upon the land. The lower court granted the lien subject to the existing purchase money mortgage and provided for the sale of the land unless the executrix paid into court a sum sufficient to satisfy the lien within 30 days, and the executrix appealed. The Supreme Court of Alabama in a comprehensive opinion held that where first person furnishes half consideration required to purchase certain property to second person so that title can be taken in name of them both, but the second person causes title to be taken in his own name alone to defraud first person, first person can enforce a constructive trust, not to secure repayment of money advanced, but to obtain title to half interest, but if all of the purchase price has not been paid in the transaction, first person must pay it.
The Supreme Court of Florida in Omwake v. Omwake, Fla. 1954, 70 So.2d 565, opined that where a husband had purchased property under contract for deed and subsequently *636 assigned the contract for deed to his ex-wife but procured a deed from the vendor to himself, in a suit brought by the husband to set aside deeds executed by ex-wife, final decree which had sustained deeds executed by ex-wife, was sufficient to execute constructive trust under which the husband held title for the ex-wife and thereby make good ex-wife's representations to her grantees.
In Crosby v. Rogers, 1944, 197 Ga. 616, 30 S.E.2d 248, the court held that upon evidence that petitioner and defendant agreed to jointly purchase land, that petitioner delivered half of purchase money to defendant and trusted him to pay money and obtain a deed to petitioner and defendant jointly, and that for several years thereafter petitioner had received one-half of the proceeds from the sale and lease of timber on the land, but that defendant obtained deed in his name alone, was sufficient to establish an implied trust and to authorize petitioner's recovery of half interest in the land.
Although, as previously illustrated herein, the remedy which is most generally invoked by the defrauded person especially where the land against which a claim is being asserted was purchased and not merely improved, with the misappropriated funds, is by asserting a constructive trust against the property (see collection of such cases in Annotation 27 A.L.R.2d 1285) other courts have held, wherever an equitable lien has been asserted against property purchased or improved with fraudulently acquired funds, that one whose money has been misappropriated may recover it back by impressing an equitable lien, to the extent of the funds wrongfully used upon land which the tortfeasor has purchased or improved therewith. Annotations 43 A.L.R. 1415; 47 A.L.R. 371; 48 A.L.R. 1269; Pomeroy's Equity Jurisprudence, Vol. 1, Sec. 155.
Although the fact that some generalized equity is stated in the complaint is insufficient as a basis for equitable relief, all categories consonant with the allegations should be considered in ascertaining whether or not a basis of equitable jurisdiction is stated. Revell v. Crews, Fla.App. 1957, 97 So.2d 336. Under our present rules, which are modeled after the Federal Rules of Civil Procedure, 28 U.S.C.A., every complaint is deemed to pray for general relief and in the normal case it is the facts alleged, the issues and proof, and not the form of the prayer for relief, which determine the nature of the relief to be granted. Chasin v. Richey, Fla. 1957, 91 So.2d 811. Thus upon remand of the instant case, a liberal interpretation consonant with principles discussed herein should be observed in passing on the validity of the complaint.
Reversed and remanded.
KANNER, Acting C.J., and BARNS, PAUL, Associate Judge, concur.