145 So.2d 821

Elsie COLLIER

v.

Dave COLLIER.

5 Div. 757.

Supreme Court of Alabama.

Oct. 18, 1962.

**132**

Hooton & Hooton, Roanoke, for appellant.

No attorney marked for appellee.

LAWSON, Justice.

The appeal is from a final decree of the Circuit Court of Randolph County, in Equity, rendered in a cause wherein submission for final decree was on the complaint, decree pro confesso and testimony of two witnesses called on behalf of the complainant who were examined by her attorney before the Register.

The relief sought in the bill was denied and the bill was dismissed. Hence, this appeal by the complainant.

The fact that the respondent failed to appear after being personally served and thereby permitted a decree pro confesso to be entered against him did not require that the final decree be in favor of the complainant.

■■ A decree pro confesso admits the facts alleged in the bill. It does not admit that the facts alleged authorize equitable relief. It does not admit that the facts give the court jurisdiction of the subject matter and does not consent for the relief to be granted. In other words, when the bill does not contain sufficient averments to give it equity and to authorize the relief prayed, even though no defense is made and the averments of the bill are taken as confessed, the trial court should not grant relief to the complainant. Jasper v. Eddins, 208 Ala. 431, 94 So. 516, and cases cited; Humphrey v. Lawson, 256 Ala. 198, 54 So. 2d 439.

Hence, the ultimate question for our determination is whether the bill contains sufficient averments to give it equity and to authorize the relief prayed.

Attached to the bill, as Exhibit A, is a deed which recites that W. H. Mitchum and wife, for and in consideration of the sum of $500 paid to them by Dave Collier and Elsie Collier, granted, bargained and sold to the said Dave Collier and Elsie Collier a house and lot situated in the City of Roanoke. The deed was executed in October of 1950.

The bill prays: "* * * that upon a final Hearing of this cause that your Honor will make a decree divesting any title or claim of title to the said Dave Collier in the said Exhibit 'A' and premises therein described out of and from the said Dave Collier and vesting the same with all of the title to said premises in said Exhibit 'A' to and in the complainant, Elsie Collier, * * *"

The averments in the bill upon which the appellant, the complainant below, relies are contained in paragraphs 3 and 5 of the stating part of the bill. They read:

"3. That said deed or Exhibit 'A' was inadvertently made to. Complainant and Respondent, when the same should have been made to the Complainant, the Complainant not being present at the making of said deed or Exhibit 'A'; and that the complainant has paid for said premises described in Exhibit 'A';

* * * * * *

"5. That the property described in Exhibit 'A' is the property of the Com-

plainant, that she worked and paid for it, and that any title in the Respondent from the wording and making of said Exhibit A should be divested out of and from the said Dave Collier and in and to the Complainant, Elsie Collier."

By way of summary, it can be said that the averments of the bill show no more than that the complainant paid for the suit property with money which she acquired as a result of her labors and that the respondent's name was included in the deed as a grantee by inadvertence. The relationship between the complainant and the respondent is not shown by the averments of the bill or by the exhibit thereto.

We gather from the brief filed here on behalf of the appellant that she entertains the view that such averments were sufficient to warrant the trial court to reform the deed so as to make her the sole grantee therein. We cannot agree.

 It is settled by our cases that great particularity of averment is necessary to authorize reformation of a deed for mutual mistake. Camper v. Rice, 201 Ala. 579, 78 So. 923; Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576; Darden v. Meadows, 259 Ala. 676, 68 So.2d 709. Such particularity is not found in the bill presently under review.

In Darden v. Meadows, supra, we held that the averments hereafter quoted were not sufficient to justify reformation of a deed on the ground of mutual mistake: "(5) 'Your complainant avers that through mutual mistake and error Sarah Carson Darden's name was placed on said deed as one of the grantees, along with your complainant.' " As does the bill in this case, the bill in the Darden Case contained averments to the effect that the complainant paid all of the price of the property involved.

So laying aside any consideration of the fact that the grantors in the conveyance sought to be reformed are not parties to the suit, we hold that the averments of the bill are insufficient to authorize the reformation of the instrument in question. Darden v. Meadows, supra.

 It appears from the bill that the respondent was named as a grantee in the deed *without* complainant's consent. Consequently, no resulting trust is shown, for such a trust does not arise where the title is taken in another without the consent of the one who furnishes the purchase money and who claims the benefit of a trust. Bostic v. Bryan, 263 Ala. 673, 83 So.2d 796.

 A constructive trust arises where one furnishes money to another with instructions to buy land and take the title in him who furnishes the money, but in violation of the duty upon him, he wrongfully takes the title in the name of another. Talley v. Talley, 248 Ala. 84, 26 So.2d 586.

 While the bill alleges that the name of the respondent was included in the deed without the consent of the complainant, it does not allege that in causing this to be done the respondent violated instructions to have the deed made to complainant alone. Hence, we are constrained to hold that the averments of the bill are insufficient to show a constructive trust arose from the transaction. Bostic v. Bryan, supra.

We entertain the view that the bill does not contain sufficient averments to give it equity and to authorize the relief to which appellant here contends she was entitled.

 The testimony of the witnesses examined before the register prior to submission and that adduced on application for rehearing may not be used to breathe life into the bill which failed to state a matter of equitable cognizance, a cause of action.

The decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.